————o————

PHILLIP M. SMITH, Respondent, *vs.* LORENZO CLARK, Appellant.

1. *Instructions—Compliance with contract question of fact for the jury.*—In building contracts the question whether the work was done as required by the contract, is one of fact for the jury. An instruction "that the plaintiff, by undertaking to do defendant a plain, substantial and workmanlike job, did not undertake to do a perfect one," is erroneous, for the reason that it took from the jury a question of fact which it was their province and not that of the court to determine. *Held,* further, that to do a thing in a plain, substantial and workmanlike manner, would imply that it should be perfectly done for the character of the job contemplated.

### *Appeal from Adair Circuit Court.*

*Greenwood & Picker,* and *Harrington & Cover,* for Appellant.

*Ellison & Ellison,* for Respondent.

WAGNER, Judge, delivered the opinion of the court.

This was a suit on a mechanic's lien, brought by the plaintiff, who had built a house under a special contract for the defendant.

The answer set up as a defense that defendant was greatly damaged by reason of the unskillful, negligent and bad manner in which the house was built. The terms in the contract were, that the work was to be done in a plain, substantial and workmanlike manner.

10—VOL. LVIII.

The evidence was conflicting. Defendant introduced testimony tending to prove the allegations of his answer, and testimony of a counter character was introduced by the plaintiff.

The plaintiff had a verdict and no objections are taken to any ruling of the court, except in the matter of giving instructions.

We have examined all the instructions and they present the law with unexceptionable fairness, save the second, given at plaintiff's request, which is as follows : "The court instructs the jury that by plaintiff's undertaking to do defendant a plain, substantial and workmanlike job, he did not undertake to do a perfect one ; and in determining the fact as to whether it was, when finished, a plain, substantial and workmanlike job, they can consider the material to be used, the kind of work to be done, as well as all other circumstances in the case."

This instruction is certainly wrong. What amounted to doing the work in a plain, substantial and workmanlike manner, was a question exclusively for the jury. But the instruction undertakes to withdraw that question from the jury, and as a matter of law, define what the terms mean, and as we think, it gives an entirely incorrect definition. To do a thing in a plain, substantial and workmanlike manner would imply that it should be perfectly done for the character of the job contemplated. Surely an imperfect execution of the work, as the instruction implies, would not be a performance of the contract.

Had the question been left where it properly belonged, exclusively to the determination of the jury, this error would have been avoided. As it is, the instruction was erroneous, as it was well calculated and had a direct tendency to mislead, and the judgment must be reversed and the cause remanded ; the other judges concur.