[No. 9770.  Department One.  August 28, 1912.]

DINSMORE SAWMILL COMPANY, *Respondent*, v. FALLS CITY LUMBER COMPANY, *Appellant*.[1]

EVIDENCE—PAROL MODIFICATION OF WRITTEN CONTRACT.  A parol modification of a written contract must be established by clear and convincing evidence.

Appeal from a judgment of the superior court for Spokane county, A. M. Craven, Esq., judge *pro tempore*, entered February 1, 1911, upon findings in favor of the plaintiff, in an action on contract.  Affirmed.

*Cullen, Lee & Foster*, for appellant.
*Charles P. Lund*, for respondent.

PER CURIAM.—The plaintiff brought this action to recover a balance alleged to be due for lumber sold and delivered to defendant in pursuance of a written contract.  The contract contained the following stipulations pertinent to the inquiry:

"All lumber to be graded at the mill by a competent grader to be selected by the party of the first part [the defendant] and whose salary or wages shall be paid by the party of the

[1]Reported in 126 Pac. 72.

second part [the plaintiff] and whose grade shall be final as far as settlement is concerned as to the parties hereto and the lumber shall be received at Troy, Idaho, by a checker to be paid for by the party of the first part and whose tally shall be final as to the amount of lumber furnished by second party to the first party. The party of the second part will deliver all the lumber at Troy, Idaho, f. o. b. cars which the party of the first part shall secure, and in case the said party of the first part shall be unable to secure cars, then the said party of the second part shall deliver the lumber to the party of the second part at Troy, Idaho, when the checker shall accept the same and give a receipt for the same . . . . If the grader or checker or either of them herein mentioned shall not be satisfactory to the parties hereto, or one of them, substitutions will be made to the satisfaction of the parties hereto."

The defense interposed was, (1) that, after the execution of the written contract, it was agreed between the parties that all the lumber manufactured at the plaintiff's mills should be graded at Troy, Idaho, instead of at the mill as stipulated in the contract; and (2) that, after a portion of the material delivered at Troy had been graded by graders selected by the defendant, the parties to the contract became mutually dissatisfied with the grading; that they then agreed that it should be regraded by a Mr. Owens, and that all material thereafter delivered at that point should be graded by him; that his grading should be accepted as final by both parties to the contract; and that, according to his grading, the defendant had overpaid the plaintiff a sum stated, for which judgment was demanded. At the trial the defendant offered evidence tending to show a parol modification of the terms of the contract in the respects mentioned, and tending to show that, according to the grade of Mr. Owens, a large part of the lumber delivered at Troy was not "sound merchantable lumber," as required by the contract, and tending to show an indebtedness in its favor. The court found the issues in favor of the plaintiff, and a judgment was entered accordingly. The defendant has appealed.

A detailed discussion of the evidence would serve no useful purpose. The testimony is conflicting in respect to the merchantability of the lumber and the parol modifications of the contract. The court found that the lumber was all graded by a grader selected by the appellant, and checked and receipted for by its checker as stipulated in the contract. This settled the two questions of the quantity and the merchantability of the lumber.

When a party to a written contract seeks to prove a subsequent parol modification of its terms, the evidence of such a modification must be clear and convincing. *Voorhies v. Hennessy*, 7 Wash. 243, 34 Pac. 931; *Barnes v. Packwood*, 10 Wash. 50, 38 Pac. 857. The appellant has wholly failed to sustain this burden. Indeed, a reading of the evidence has convinced us that it preponderates in favor of the court's findings.

The judgment is affirmed.