[No. 12504.　Department Two.　July 14, 1915.]

JOHN ARMSTRONG, *Respondent*, v. J. S. WHEELER *et al.*,

*Appellants.*[1]

EVIDENCE—PAROL EVIDENCE—TO VARY WRITING — AMBIGUITY.　A written contract to construct the cement walls of the basement of a building in a "first-class workmanlike manner" is not ambiguous, but has a well defined meaning; hence it is inadmissible to show by parol that the walls were agreed to be so constructed as to prevent water from leaking through them.

CONTRACTS—WRITTEN CONTRACTS — MODIFICATION — EVIDENCE.　A subsequent oral modification of a written contract for the construction of a building must be shown by clear and convincing evidence.

Appeal from a judgment of the superior court for King county, Smith, J., entered May 29, 1914, in favor of the plaintiff, in an action to foreclose a mechanics' lien, tried to the court.　Affirmed.

*A. W. Hastie*, for appellants.

*Gill, Hoyt & Frye*, for respondent.

MAIN, J.—The purpose of this action was to foreclose a lien for a balance claimed to be due upon a written contract for the construction of a concrete basement.　The defendants counterclaimed for damages, alleging defective workmanship. A judgment was entered in favor of the plaintiff for $165 and the costs of the action.　The defendants have appealed.

On September 8, 1913, the appellants, being then the owners and occupiers of a certain dwelling house, contracted with the respondent in writing for the construction of a concrete basement under such dwelling house.　This contract provided that the basement should be constructed in a "first-class, workmanlike manner."　Another provision of the contract was for "Full cement walls of 8-inch thickness, and cement floor-basement to be 7½ feet in the clear."　The contract price was

[1]Reported in 150 Pac. 5.

$615. After the contract was executed, the respondent entered upon the performance of the work. After the work was completed, the appellants, claiming that the work was defective, refused to make full payment as provided for in the contract.

Upon the trial, the appellants offered evidence to the effect that it was the understanding of the parties at the time the contract was drawn that the concrete walls of the basement were to be constructed in such a manner as to prevent water from leaking through them, and for this purpose the outside surface of the walls should have been coated with a mixture of cement and fine sand, and a drain tile should have been put around the house to carry away the seepage from the hillside.

If the contract by its terms was ambiguous upon its face, oral evidence was admissible for the purpose of determining its meaning. If it was not ambiguous, the trial court ruled correctly in refusing to admit the evidence offered. The provision of the contract is, that the work shall be done "in a first-class workmanlike manner." The term "workmanlike manner" when applied to constructive work, such as that in question, has a well defined meaning. 40 Cyc. 2861; 8 Century Dictionary. Hence the contract upon its face is not ambiguous. Oral testimony to add to, vary, or modify its terms was inadmissible. The question as to whether the basement was constructed in a first-class, workmanlike manner was one of fact. *Smith v. Clark*, 58 Mo. 145; *Holland v. Rhoades*, 56 Ore. 206, 106 Pac. 779.

The testimony as to whether the basement was constructed in a first-class, workmanlike manner, offered by the respective parties, was in conflict. The trial court, after hearing this testimony, was of the opinion that there was not "anything deficient in the building of that wall," and that "it was the kind of a wall that Armstrong agreed to build, and it was the kind of a wall provided for in the contract."

Another contention of the appellants is that the basement as constructed was not 7½ feet in the clear, as provided in the contract. The respondent claims that, during the progress of the work, the contract in this respect was modified by agreement of the parties. Here, likewise, the evidence is conflicting. Without detailing the testimony or the circumstances, we are of the opinion, after a careful consideration of the testimony, that the view of the trial court that the contract had been modified by oral agreement must be sustained. In reaching this conclusion, the rule that, where a party to a written contract seeks to prove a subsequent oral modification of its terms, the evidence of such modification must be clear and convincing, has not been overlooked. *Dinsmore Sawmill Co. v. Falls City Lumber Co.*, 70 Wash. 42, 126 Pac. 72.

It is also claimed that the workmanship was defective in some other particulars which it does not seem necessary to review in detail. It is sufficient to say that, after a careful consideration of all the evidence, we are unable to say that the judgment of the trial court was erroneous.

The judgment will be affirmed.

Morris, C. J., Crow, Fullerton, and Ellis, JJ., concur.