[No. 15810.  Department One.  November 23, 1920.]

## G. F. Rowe *et al., Appellants,* v. J. A: Hosher *et al., Respondents.*[1]

EVIDENCE (172)—CONTRACTS (130)—RESCISSION—PAROL EVIDENCE —ADMISSIBILITY. Parol evidence is admissible to show that a written contract had been mutually rescinded or cancelled, although the contract provided that one of the parties should not do certain things "without having first obtained consent in writing" of the other party.

Appeal from a judgment of the superior court for King county, Smith, J., entered November 10, 1919, upon the verdict of a jury rendered in favor of the defendants, in an action of replevin.  Affirmed.

*Vince H. Faben,* for appellants.

*William A. Gilmore* and *Gordon & Nolte,* for respondents.

PER CURIAM.—There is but one question presented on this appeal, and that is whether parol evidence is admissible to establish cancellation and rescission of a written instrument which provided, among other things, that one of the parties thereto should not do certain things "without having first obtained consent in writing" of the other party.

This court has many times decided that, although a contract may be in writing, parol evidence may be introduced to establish the fact that the parties thereto have mutually rescinded or cancelled such agreement. *Dignan v. Spurr,* 3 Wash. 309, 28 Pac. 529; *Tingley v. Fairhaven Land Co.,* 9 Wash. 34, 36 Pac. 1098; *Quinn v. Parke & Lacy Machinery Co.,* 9 Wash. 136, 37 Pac. 288; *Cooke v. Cain,* 35 Wash. 353, 77 Pac. 682; *Dinsmore Sawmill Co. v. Falls City Lum. Co.,* 70 Wash. 42,

[1]Reported in 193 Pac. 688.

126 Pac. 72; *Armstrong v. Wheeler,* 86 Wash. 251, 150 Pac. 5; *Clements v. Cook,* 112 Wash. 217, 191 Pac. 874.

The trial court was therefore correct in allowing the evidence to go to the jury, and the judgment is affirmed.