[No. 30397. Department One. April 8, 1948.]

W. W. WADE, *Respondent*, v. JOSEPH T. BARTEK *et al., Appellants.*[1]

*R. W. Miller,* for appellants.

*Wallace & Arthur,* for respondent.

SCHWELLENBACH, J.—This is an appeal from a judgment rendered in favor of the plaintiff in the amount of $1,148.74, plus one hundred dollars attorney's fees, for services performed in digging a well.

The work was performed under an oral contract, the terms of which can best be set out by quoting the testimony of Mr. Wade. After explaining the preliminary negotiations, he testified:

"Q. What price did you quote? A. Fifty dollar set-up charge and Six Dollars a foot, and I also told him I couldn't

[1]Reported in 191 P. (2d) 701.

guarantee him water. I told him I would do good workmanship and we'd do the best we could to give him a well. . . . I picked up a place about 50 or 60 feet from the barn that he wanted drilled and at that time I told him he was going to have to advance me Two Hundred Fifty Dollars after the pipe had been delivered on the job and the machine was set-up and ready to go to work. And so he said that he would do that—that he would have to get the money."

The work commenced June 24, 1946, and proceeded with the usual difficulties which are incident to well drilling. At various depths, water was obtained, but not enough to satisfy Mr. Bartek, who wanted approximately four hundred fifty gallons a minute. After drilling about thirty-five feet, Mr. Wade turned the machine over to Bernard Housey, his associate. Finally, when they were down two hundred eighteen feet, a bailer was lost in the well. Wade attempted, for a period of three weeks, to remove the bailer. At the expiration of this time, he put in two shots of dynamite, the first containing about seven sticks, and the second about fourteen sticks. The second shot caused the well to fill partly with sand and gravel and rendered the well "un-usable." He then removed his outfit and demanded payment. When payment was refused, he commenced this action.

There was no guarantee in the contract to furnish water. The only issue to be determined was whether the well driller did good workmanship.

*Armstrong v. Wheeler*, 86 Wash. 251, 150 Pac. 5, was an action to foreclose a lien for payment due on a contract to construct a concrete basement. The contract provided that the basement should be constructed in a "first-class, workmanlike manner." In affirming a judgment for the plaintiff, we said:

"If the contract by its terms was ambiguous upon its face, oral evidence was admissible for the purpose of determining its meaning. If it was not ambiguous, the trial court ruled correctly in refusing to admit the evidence offered. The provision of the contract is, that the work shall be done 'in a first-class workmanlike manner.' The term 'work-

manlike manner' when applied to constructive work, such as that in question, has a well defined meaning. 40 Cyc. 2861; 8 Century Dictionary. Hence the contract upon its face is not ambiguous. Oral testimony to add to, vary, or modify its terms was inadmissible. The question as to whether the basement was constructed in a first-class, workmanlike manner was one of fact. *Smith v. Clark*, 58 Mo. 145; *Holland v. Rhoades*, 56 Ore. 206, 106 Pac. 779.

"The testimony as to whether the basement was constructed in a first-class, workmanlike manner, offered by the respective parties, was in conflict. The trial court, after hearing this testimony, was of the opinion that there was not 'anything deficient in the building of that wall,' and that 'it was the kind of a wall that Armstrong agreed to build, and it was the kind of a wall provided for in the contract.' "

In the instant case, the testimony as to whether respondent, in digging the well, did "good workmanship," was in conflict. That conflict was determined by the trial court in respondent's favor. Although appellants are left with a hole in the ground partly filled with sand and gravel, and although, from the evidence, if the matter were first presented to us for our determination, we might find that respondent did not do good workmanship, still, we cannot say that the findings of the trial court are clearly not supported by the weight of the evidence.

"The trial court saw the witnesses, heard them testify, observed their conduct and demeanor while testifying, and weighed their interest and motives and the probabilities of the truthfulness of their testimony. It follows that the findings of the trial court will not be disturbed by us unless we can say such findings are clearly not supported by the weight of the evidence. *Bradley v. Donovan-Pattison Realty Co.*, 84 Wash. 654, 147 Pac. 421." *Griffin v. Hart*, 26 Wn. (2d) 304, 173 P. (2d) 780.

The judgment is affirmed.

MALLERY, C. J., MILLARD, SIMPSON, and HILL, JJ., concur.