[No. 1060.   Decided November 9, 1893.]

N. VOORHIES, *Respondent*, v. BRUCE HENNESSY *et al.*,
*Appellants.*

BILL OF SALE AS CHATTEL MORTGAGE—ATTACHMENT OF MORT-
GAGED CHATTELS—EVIDENCE—PAROL PROOF OF WRITTEN IN-
STRUMENT—JUDGMENT—TIME OF ENTERING.

Parol evidence is admissible for the purpose of proving that an
absolute bill of sale was given as a chattel mortgage.

An attachment cannot be levied upon property held by a debtor
as mortgagee under a bill of sale absolute on its face, although the
officer may have had no notice of the true relation of the debtor to
the property.

The legal title to property does not vest in the mortgagee from
the fact that he holds possession after the maturity of his debt.

Failure to enter judgment until several days after a motion for
a new trial is overruled constitutes no ground for error.

Where the assignment of a debt is shown to be in writing, it is
error to permit parol proof concerning the transaction until the
absence of the writing is accounted for.

Where the issue is as to whether a bill of sale absolute upon its
face is or is not a mortgage, the fact that it was intended only as
security for an indebtedness should be established by more than a
fair preponderance of the evidence.

*Appeal from Superior Court, Chehalis County.*

*Ben Sheeks, Hogan & McGerry,* and *George J. Moody,*
for appellants.

*N. W. Bush,* for respondent.

The opinion of the court was delivered by

STILES, J.—Appellant Hennessy, as constable, had levied
upon certain personal property claimed by respondent un-
der certain attachments and executions issued at the suit
of other appellants, in actions brought by them against one
Dunbar. The property consisted of four oxen, with yokes
and chains, which had been the property of respondent, and
while owned by him hired to Gray & Emerson. Some

weeks before the levy respondent gave Dunbar an absolute bill of sale of the property, and directed Gray & Emerson to pay the subsequently accruing hire to him. Upon the levy respondent sued for possession, and sought to establish that the actual transaction with Dunbar was a chattel mortgage to secure the payment of $375 due from himself to Dunbar upon an account for goods. The consideration for the property mentioned in the bill of sale was $300, and it was claimed that the hire of the cattle, etc., was to be applied on the unsecured portion of the debt due Dunbar.

Judgment was entered, on the verdict of a jury, for respondent.

1. The first objection made is that the court allowed Voorhies and Dunbar to testify as to their intent in connection with the bill of sale. But there probably never was a case where it was sought to show that a deed or bill of sale, absolute on its face, was in fact intended as a mortgage, where parol testimony was not admitted. Jones on Mortgages, § 321. By such a proceeding the writing is not varied or contradicted.

2. Whether the officer had or had not notice of the true relation of Dunbar to the property seized, could make no difference; if it really belonged to respondent he had no right to interfere with it. The creditors of Dunbar were not purchasers for value, and could lose nothing, however the title turned out to be. *Burke v. Johnson*, 37 Kan. 337 (15 Pac. Rep. 204); Drake on Attachment, § 197.

3. If Dunbar was a mortgagee in possession after the maturity of his debt, appellants are in error when they assume that such a state of facts amounted to a forfeiture so that the legal title to the property vested in him. Such is, perhaps, the general rule (Jones, Chat. Mort., 566); but it does not prevail in this state. *Silsby v. Aldridge*, 1 Wash. 117 (23 Pac. Rep. 836).

4. That the judgment was not entered on the same day on which the motion for a new trial was overruled, but ten days later, did not in anywise prejudice appellants, and constitutes no ground for error.

5. The assignment by Dunbar to the Weatherwax Lumber Company of the debt owing the former by respondent having been shown to be in writing, no further proof concerning the transaction should have been received until the writing was produced or accounted for. It was, therefore, error to allow several witnesses to testify concerning it. The assignment carried with it the right to the security, and it was a material matter as tending to show the acts of the parties to the bill of sale, respondent claiming that he was called upon to agree to the transaction, and that he did agree.

6. The court charged the jury as follows:

"If you find by a fair preponderance of the evidence that said bill of sale was intended only as security for an indebtedness then owing from plaintiff to Dunbar . . . then your verdict should be for plaintiff."

Were the testimony of the two parties to the bill of sale standing alone, without circumstances which leave it open to question whether the theory of the bill of sale was not an afterthought, as appellants stoutly contend, we might be able to uphold the judgment entered, for want of prejudice growing out of this charge. But as the case stands we cannot say that no injury was inflicted upon the appellants by it. In such cases the solemnity of a writing is not to be overcome by a mere preponderance of evidence. The writing itself stands as the clearly stated and deliberately ascertained intention of the parties, which must be enforced, unless it is shown by clear, positive and convincing evidence that the mutual intention was something else, and that it was with such different intention understood by both parties that the instrument was delivered and ac-

cepted.   This is the rule in equity, where cases of this kind are most frequently heard; and when submitted to a jury the same rule applies.   Jones on Mortgages, § 335; *Purington v. Akhurst*, 74 Ill. 490; *Sewell v. Price's Adm'r*, 32 Ala. 97; *Cadman v. Peter*, 118 U. S. 73 (6 Sup. Ct. Rep. 957); *McCormick v. Herndon*, 67 Wis. 648 (31 N. W. Rep. 303), and note; *Perot v. Cooper*, 17 Col. 80 (28 Pac. Rep. 391).

The judgment is reversed, and the cause remanded for a new trial.

DUNBAR, C. J., and HOYT, ANDERS and SCOTT, JJ., concur.