[No. 15574.   Department One.—November 27, 1894.]

JULIUS H. VON SCHMIDT, Appellant, v. ALEXEY W. VON SCHMIDT, Respondent.

104  547
127  562

104  547
134  428

104  547
145  759

Appeal—Presumption in Favor of Judgment.—Upon an appeal from a judgment, upon the judgment-roll alone, all intendments should be made in support of the judgment, and all proceedings necessary to its validity will be presumed to have been regularly taken, and any matters which might have been presented to the court below which would have authorized the judgment will be presumed to have been thus presented, if the record shows nothing to the contrary.

Id.—Judgment by Default—Second Judgment after Trial.—Upon an appeal from a second judgment had after a trial it will be presumed in favor of the validity of the judgment that the former judgment appearing in the record, which was entered by default upon the striking out of an answer for refusal of defendant to testify before a notary public, was for good cause set aside, and that the second judgment was properly rendered and entered.

Id.—Judgment-roll—Setting Aside Default and Judgment.—An order setting aside a default and judgment, and restoring an answer to the files, forms no part of the judgment-roll.

Id.—Bill of Exceptions—Execution of Presumption.—While there cannot be two final judgments by the same court in the same case existing at one time, yet, if by error such a state of facts exists, it must be shown by the appellant by a bill of exceptions, in order to exclude the presumption that the first judgment was annulled and set aside before the entry of the second judgment, else the presumption in favor of the regularity of the proceedings of the court below must prevail.

Appeal from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion.

*J. D. Sullivan*, and *Moses G. Cobb*, for Appellant.

The second judgment is void, as there cannot be two such judgments in one action, and the entry of the

second judgment did not vacate the former one. (*Nuckolls* v. *Irwin*, 2 Neb. 60, 65; Freeman on Judgments, sec. 104 *a.*) An appeal lies from a void judgment. (Hayne on New Trial and Appeal, sec. 187; *Bond* v. *Pacheco*, 30 Cal. 533; *People* v. *Green*, 74 Cal. 400; 5 Am. St. Rep. 448; *People* v. *Pearson*, 76 Cal. 400; *Carpenter* v. *Superior Court*, 75 Cal. 598.)

*Pierson & Mitchell*, for Respondent.

Where there are two judgments in an action the latter judgment is always presumed to be the judgment, and the former is disregarded. (*Paige* v. *Roeding*, 96 Cal. 388.)

SEARLS, C.—This is an action to establish the interest of plaintiff in certain patented inventions, the patents for which inventions issued to the defendant; to have defendant decreed to be a trustee of plaintiff, and to have him account to plaintiff for the profits arising therefrom.

A final judgment was rendered in favor of defendant September 10, 1892, from which plaintiff appeals.

The cause comes up on the judgment-roll without any statement or bill of exceptions.

The point made on behalf of appellant is that there are two judgments in the case, the latter of which (being the one from which this appeal is taken) is void.

The record shows that the amended complaint was filed May 6, 1890. Defendant answered September 29, 1890, denying all the material allegations of the complaint, and setting up the statute of limitations.

There is in the record what purports to be a decree in the cause, and to have been entered and recorded July 18, 1892, which recites that, in February, 1892, defendant, pursuant to notice, was subpœnaed to appear before John P. Poole, a notary public, to be sworn and to testify as a witness in said cause; that he appeared before the notary at the time and place named, and that he then and there refused to be sworn as a witness in

said cause or to testify as a witness therein without any reason for such refusal, whereby the plaintiff was deprived of the benefit of his testimony, whereupon it was, on motion of the plaintiff, ordered that the answer of the defendant be stricken out, and no leave to answer having been applied for, and the default of defendant for want of an answer having been entered, etc.

The decree then proceeds in the usual form to adjudge plaintiff and defendant joint inventors of certain patents, and equally interested therein, etc.; it then proceeds to decree the defendant to be a trustee of plaintiff of an undivided one-half of the profits, etc., recites that the examination of a long account is necessary to a complete determination of the rights of the parties, and refers the cause to a referee to take and report an account, etc.

The record further shows that thereafter, and on the seventeenth day of August, 1892, the cause came on regularly to be heard before the court sitting with a jury, to try special issues submitted by the court and to render a verdict advisory to said court; that counsel appeared for the respective parties, evidence was introduced by the parties, the cause argued by counsel and submitted to the jury upon certain special issues; that the jury rendered a verdict upon each of the special issues in favor of the defendant and against the plaintiff, which verdict was received and recorded and the cause submitted to the court for decision.

Then follows the facts as found by the court, which are full and explicit in favor of the defendant, and negativing all the material allegations of the complaint.

Whereupon, on the tenth day of September, judgment was entered in favor of defendant and against plaintiff, dismissing the action.

The appeal, as before stated, is from this judgment. Upon an appeal from a judgment, upon the judgment-roll alone, all intendments will be made in support of the judgment, and all proceedings necessary to its validity will be presumed to have been regularly taken, and

any matters which might have been presented to the court below which would have authorized the judgment will be presumed to have been thus presented, if the record shows nothing to the contrary. (*Caruthers* v. *Hensley,* 90 Cal. 559; *Brown* v. *Johnson,* 45 Cal. 76; *Parker* v. *Altschul,* 60 Cal. 380; *Paige* v. *Roeding,* 96 Cal. 388.)

Under the doctrine enunciated in these cases it may well be presumed, in favor of the judgment appealed from, that the former judgment striking out defendant's answer and giving judgment against him was, for good cause, set aside, as might well have been done, and as such order setting aside defendant's default and the judgment against him and restoring his answer to the files forms no part of the judgment-roll under section 670 of the Code of Civil Procedure, it would not appear in this record.

It is true there cannot be two final judgments by the same court in the same case existing at one and the same time; but if by some error such a state of facts actually existed it would have been quite easy for the appellant, by a bill of exceptions, to have established the fact, to the exclusion of the presumption that the first judgment was annulled and set aside before the entry of the second.

Having failed to do so, the presumption in favor of the regularity of the proceedings of the court below must prevail.

The judgment appealed from should be affirmed.

TEMPLE, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.

Hearing in Bank denied.