[No. 19509.  In Bank.—January 18, 1895.]

In the Matter of the Estate of ANNIE BATES, Deceased.

Estates of Deceased Persons—Decree of Distribution—Charitable Bequest—Presumption upon Appeal.—Upon appeal from a decree of distribution of the residue of the estate of a decedent in pursuance of the will, to a charitable corporation, for the care of sick and feeble persons, the appeal having been taken by a daughter of the decedent upon the ground that the testatrix was precluded by will from disposing of more than one-third of the estate, where the inventory of the estate is not set forth in the record, and there is no bill of exceptions or statement showing the amount of the estate of the decedent, it must be presumed, in support of the decree of the court, that the residue of the estate distributed for charitable purposes is less than one-third of the distributable portion of the estate.

Appeal from a decree of distribution ordered by the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*Lawson & Ardis*, for Appellant.

*Bicknell & Trask*, for Respondent.

Harrison, J.—The decedent left a last will and testament, making the following dispositions of her property:

"*Secondly.* I give and bequeath to my daughter, Mary Dunbar, the wife of Edwin Dunbar, the household furniture, beds, and clothing, and all articles in my late residence in the township of Compton, in said county of Los Angeles, state of California.

"*Thirdly.* I give and bequeath to the Los Angeles Infirmary, a corporation for the care of the sick and feeble persons, all the remainder and residue of my estate, real, personal, and mixed, of which I die seised or possessed, the said infirmary having benevolently cared for me during my illness, and have agreed and covenanted to bury my body as above provided."

Upon the final settlement of the accounts of the

executor the court made a decree of distribution, in which, after reciting that "the residue of said estate consists wholly of real property," it ordered that the residue of said estate, consisting of two parcels of land situated in Los Angeles county, described in said decree, be distributed to the "Los Angeles Infirmary, a corporation for the care of sick and feeble persons, organized and existing under the laws of the state of California." From this order the daughter of the decedent has appealed, upon the ground that by virtue of the provisions of section 1313 of the Civil Code the testatrix was precluded from disposing, by will, of more than one-third of her estate.

The inventory of the estate is not set forth in the record, nor is there any bill of exceptions or data from which the amount of the estate of the decedent can be determined. For the purpose of sustaining the order of the court we must assume that any matters which would support the order, if they had been before the court, were presented to it, and made the basis of its action. (*Caruthers* v. *Hensley*, 90 Cal. 559.) In the absence of any facts showing it to be erroneous, the order of the court must be assumed to be correct, and the burden of showing error is upon the appellant. The items of property bequeathed to the appellant may have been of more than twice the value of the property left to the corporation, and the "residue" distributed to the corporation may have been less than one-third of the distributable portion of the estate. As the contrary is not made to appear the presumption that the order is correct must prevail.

The order is affirmed.

McFARLAND, J., GAROUTTE, J., VAN FLEET, J., and BEATTY, C. J., concurred.