[Civ. No. 215.    First Appellate District.—February 7, 1906.]

In the Matter of the Estate of PAUL BOUYSSOU, Deceased.

WILL—REFUSAL OF PROBATE—ADMINISTRATOR WITH WILL ANNEXED.— The superior court, in denying probate of a will, is not authorized to appoint an administrator with the will annexed, nor to appoint an administrator of the estate unless the proceedings therefor were in conformity with the steps prescribed in cases of intestacy.

ID.—VACATING ORDER APPOINTING ADMINISTRATOR—PRESUMPTION OF REGULARITY.—In the absence from the record of any showing of error, it will be presumed on appeal that the action of the trial court in vacating an order appointing an administrator of an estate was regularly performed and is correct; and where the record does not show that the clerk had fixed a day for the hearing of the petition for the appointment of an administrator, or whether there was any proof that notice thereof had been given by posting, as required by section 1373 of the Code of Civil Procedure, it will be assumed, in support of such order, that it was found by the court that no such steps were taken.

APPEAL from an order of the Superior Court of the City and County of San Francisco vacating a previous order appointing an administrator of the estate of a deceased person.    Frank H. Kerrigan, Judge.

The facts are stated in the opinion of the court.

Phillip I. Manson, and Lucius L. Solomons, for Appellant.

Jacob Samuels, for Respondent.

HARRISON, P. J.—The appeal herein, as stated in the notice of appeal, is from the order "vacating and setting aside the order refusing probate of the will of the above-named decedent, and appointing Jean Bouyssou administrator of the estate." Upon the motion of the respondent the appeal from the order vacating the order refusing probate to the will was heretofore dismissed (*Estate of Bouyssou,* 1 Cal. App. 657, [82 Pac. 1066]), leaving for consideration only the appeal from the order vacating the appointment

of the administrator. The order itself is set forth in the bill of exceptions as follows: "Motion to vacate order refusing probate of will and appointing administrator granted." But the bill of exceptions does not set forth or show any of the proceedings upon which the appointment of the administrator was based, except that it appears therefrom that when the will was filed for probate the appellant filed a petition "for the probate of said will and the issuance to him of letters of administration on the estate with the will annexed"; that a printed copy of a notice fixing a day for the hearing of said petition was received by the respondent through the mail; and that on the day so fixed the will was denied probate and the appellant appointed administrator.

In dismissing the appeal from the other portion of the order we said: "The proceedings for the appointment of an administrator of the estate of a deceased person and for admitting the will to probate are entirely distinct, and are conducted upon different lines of procedure. The appointment of an administrator with the will annexed is to be made in the manner as provided for the granting of letters in cases of intestacy." That motion having been made upon the ground that the order was not an appealable order, we were not called upon to examine the record for the purpose of determining the propriety or correctness of the action of the superior court in making it. Error is never to be presumed; and upon an appeal from an order or judgment of the superior court every presumption will be indulged in support of such judgment or order. It is always incumbent upon the appellant to show affirmatively that the order or judgment from which he has appealed is erroneous; and in the absence of any showing of error the action of the superior court will be affirmed. (*Estate of Bates,* 105 Cal. 646, [38 Pac. 941].) As the superior court denied probate to the will, it was not authorized to appoint an administrator with the will annexed; nor was it authorized to appoint an administrator unless the proceedings therefor were in conformity with the steps prescribed in cases of intestacy. The record herein does not show that the clerk had set a day for the hearing of the appellant's petition to be appointed administrator, or whether there was any proof that notice thereof had been given by posting as required by section 1373, Code of Civil

Procedure; and for the purpose of sustaining the order appealed from it may be assumed that the absence of such notice was presented to the court, or that the court ascertained that fact by its own inspection of the records in the proceeding. If so, it necessarily held that it was without jurisdiction to make the appointment, and very properly set aside its order therefor. (See *People* v. *Greene,* 74 Cal. 400, 5 Am. St. Rep. 448, [16 Pac. 197].) That the action of a court in vacating its former decision in the same cause will be presumed to have been regularly performed and to be correct, in the absence from the record of any showing of error, see *Ingerman* v. *Moore,* 90 Cal. 410, 25 Am. St. Rep. 138, [27 Pac. 306]; *Paige* v. *Roeding,* 96 Cal. 388, [31 Pac. 264]; *Von Schmidt* v. *Von Schmidt,* 104 Cal. 547, [38 Pac. 361].

The order of the court vacating its previous order appointing the appellant administrator is affirmed.

Cooper, J., and Hall, J., concurred.