[Civ. No. 871.   Third Appellate District.—February 1, 1912.]

W. F. ERVING, Respondent, v. NAPA VALLEY BREWING COMPANY, a Corporation, Defendant; E. W. CHURCHILL, Intervenor and Appellant, and JAS. H. GOODMAN & COMPANY BANK, Intervenor.

REPLEVIN—FINDINGS SUPPORTING JUDGMENT—MORTGAGE RIGHTS OF APPEALING INTERVENOR—CONCLUSION OF LAW—SPECIAL FINDING NOT ESSENTIAL.—Where in an action for the claim and delivery of personal property the findings were for the plaintiff and against defendant and the bank, intervenor, and supported the judgment against them, and was also against the appealing intervenor, who claimed as the assignee of a mortgage made on the property ·by a former owner, and who claimed the same rights in the personal

property as affixed to the realty that were asserted by the bank, and who alleged that the bank is now the owner of the property, and the court merely found, as a conclusion of law, that such intervenor "is not entitled to take anything by reason of his complaint in intervention," and he appealed from the judgment on the judgment-roll, it is held that his claim that the judgment must be reversed for want of a special finding is without merit.

ID.—PRESUMPTION ON APPEAL OF INTERVENOR—ABSENCE OF EVIDENCE—WAIVER OF FINDINGS—DESERTION OF ISSUE.—It will be presumed on the appeal of the intervenor from the judgment, on the judgment-roll alone, that either the intervenor offered no evidence in support of the averments of his complaint in intervention, or if he did, that findings thereon were waived, or that the issue was deserted and required no finding.

ID.—GENERAL RULE AS TO INTENDMENTS ON APPEAL IN SUPPORT OF JUDGMENT.—The settled rule in this state is that where the appeal is from the judgment on the judgment-roll alone, and where the findings support the judgment, all intendments will be made in support of the judgment, and all proceedings necessary to its validity will be presumed to have been regularly taken, and any matters which might have been presented to the court below which could have authorized the judgment will be presumed to have been thus presented, if the record shows nothing to the contrary.

APPEAL from a judgment of the Superior Court of Napa County. H. C. Gesford, Judge.

The facts are stated in the opinion of the court.

Frank L. Coombs, for E. W. Churchill, Intervenor-Appellant.

F. E. Johnston, H. L. Johnston, and L. E. Johnston, for Plaintiff-Respondent.

Nathan F. Coombs, and John T. York, for Napa Valley Brewing Company, Defendant.

Frank L. Coombs, for Jas. H. Goodman & Co. Bank, Intervenor.

HART, J.—The plaintiff instituted this action in claim and delivery against the defendant for the recovery of the possession of certain personal property, described in the com-

plaint, and alleged to be of the value of $6,000. Said property was situated in a certain building in the city of Napa, and consists of certain machinery and mechanical equipments which were used by the defendant in the manufacture of beer. The complaint alleges that, on the seventeenth day of September, 1910, and at the time of the filing of the complaint, the plaintiff was the owner and entitled to the possession of said personal property; alleges the wrongful possession and the wrongful withholding of the possession of said property by defendant from plaintiff; that, prior to the commencement of this action, the plaintiff demanded the return of the possession of said property, but that said "defendant refused, and still refuses, to deliver said personal property, or any part thereof, to this plaintiff." Plaintiff asks that he be awarded judgment restoring to him the possession of said property, or for the sum of $6,000, the alleged value thereof, in case delivery cannot be had.

The defendant, by its answer, denies that the personal property described in the complaint is of the value of $6,000, but alleges that the value of said property did not, at the times mentioned in the complaint, or at any other time, exceed the sum of $500; denies that it "unlawfully withholds and detains," etc., said property from the possession of the plaintiff; alleges, on information and belief, that the property referred to in the complaint "does not belong, did not at the time of the commencement of the action belong, and never has belonged, to plaintiff, and that plaintiff has never been the owner thereof; that the rightful and lawful owner of said property is the Jas. H. Goodman & Co. Bank, a banking corporation, . . . having its principal place of business in the city of Napa, said state."

Churchill, by permission of the court, filed a complaint in intervention, wherein he alleges that the building in which the personal property described in the complaint is situated was, together with the land upon which it is located, the property of the Napa Ice and Cold Storage Company, a corporation; that, on the sixteenth day of January, 1906, said corporation executed its promissory note for the sum of $12,500 in favor of and payable to one E. H. Tryon, and that, contemporaneously with the execution and delivery of said note, made and executed, in favor of said Tryon,

and as security for the payment of said note, a mortgage upon said real property—the land and the building in which the alleged personal property sued for is situated; that said mortgage was duly recorded, and that no part of said promissory note has been paid; that on the sixteenth day of January, 1908—the date of the maturity of said note, it having been made payable on or before two years after its date— said note and mortgage were regularly assigned by said Tryon to Churchill. It is further alleged by this intervenor; upon information and belief, that, at the time of the execution of said note and mortgage to said Tryon, the property described in the complaint was owned by the said Napa Ice and Cold Storage Company; that it was, and "ever since has been, and now is, attached to and made a part of the said real property," and that said mortgage "was, ever since has been, and now is, a valid and subsisting lien upon said property, described as personal property" in said complaint. It is averred, on information and belief, that the property described as "personal property" in the complaint, "cannot be detached from said premises, or taken away, without injury to the freehold, and without decreasing the value of the said lands against which intervenor has his lien, as aforesaid." The tenth paragraph of Churchill's complaint in intervention declares, upon information and belief, that the property mentioned in the complaint "belongs to and is owned by the Jas. H. Goodman & Co. Bank, . . . and does not belong to plaintiff, and that plaintiff has no interest in the same."

The Jas. H. Goodman & Co. Bank, a corporation, also filed a complaint in intervention, in which it sets up ownership of the property described in plaintiff's complaint, and denies plaintiff's alleged ownership thereof and his alleged right to the possession of the same, and alleges that the "defendant is in lawful possession and entitled to the possession thereof."

The court found that the plaintiff "was, on the seventeenth day of September, 1910, ever since then continuously has been, and is now, the owner and entitled to the possession of all that certain personal property," describing the property mentioned in the complaint; that the value of said property was and is $1,750; that the defendant, Napa Valley Brewing Company, unlawfully withholds and detains the possession

of said property from the plaintiff; that said Jas. H. Good-
man & Co. Bank, intervenor, is not and was never the owner
or entitled to the possession of said personal property. As
conclusions of law, the court finds that the plaintiff is en-
titled to the possession of said personal property, or in de-
fault of delivery thereof to plaintiff by defendant, that the
former recover from the latter the sum of $1,750, the value
of said property; that "the intervenor, E. W. Churchill, is
not entitled to take anything by reason of his complaint in
intervention herein."

Judgment was given and entered accordingly.

The appeal now before us is by the intervenor, Churchill,
from the judgment on the judgment-roll alone.

The defendant, Napa Valley Brewing Company, appealed
from said judgment, but said appeal was, on motion, dis-
missed by this court on the eighteenth day of April, 1911.
(*Erving* v. *Napa Valley Brewing Co.,* 16 Cal. App. 41, [116
Pac. 331].)

The court made no finding of fact based upon the allega-
tions of appellant's complaint in intervention. The only
reference to the allegations of said complaint is to be found
in the conclusions of law as above noted and in the judgment,
as follows: "That the relief sought by the complaint in in-
tervention filed herein by E. W. Churchill be, and the same is
hereby, denied and that said intervenor take nothing by his
said complaint in intervention."

The contention of appellant is that he is entitled to have his
"claim disposed of one way or the other," and that the fail-
ure of the court to make a finding in relation thereto con-
stitutes a defect in the findings fatal to the judgment. This
contention presents the single question submitted for de-
cision by this appeal.

We think that the point advanced by appellant is destitute
of merit.

The rule in this state, as announced and affirmed and con-
firmed by a long and unbroken line of decisions, is that, where
the appeal is from the judgment on the judgment-roll alone,
and where the findings support the judgment, "all intend-
ments will be made in support of the judgment, and *all* pro-
ceedings necessary to its validity will be presumed to have
been regularly taken; and any matters which might have

been presented to the court below which would have author-
ized the judgment will be presumed to have been thus pre-
sented, if the record shows nothing to the contrary." (*Von
Schmidt* v. *Von Schmidt*, 104 Cal. 550, [38 Pac. 361]; *John-
ston* v. *Callahan*, 146 Cal. 214, [79 Pac. 870]; *Galvin* v.
*Palmer*, 134 Cal. 427, [66 Pac. 572]; *Butler* v. *Soule*, 124
Cal. 73, [56 Pac. 601]; *In re Eichhoff*, 101 Cal. 605, [36 Pac.
11]; *Eichhoff* v. *Eichhoff*, 107 Cal. 42, [48 Am. St. Rep. 110,
40 Pac. 24]; *Suchler* v. *Look*, 93 Cal. 601, [29 Pac. 34];
*Segerstrom* v. *Scott*, 16 Cal. App. 256, [116 Pac. 690].)

There can, of course, be no doubt, and, indeed, none is ex-
pressed, that the findings support the judgment. The sole
complaint is, as stated, that the appellant was entitled to a
finding or to findings upon the issues presented by his plead-
ing.

But there is no showing by the record that the appellant
offered any evidence in support of the averments of his com-
plaint, and the presumption is and must be indulged, in the
absence of such a showing, that none was presented at the
trial. (*Himmelman* v. *Henry*, 84 Cal. 104, [23 Pac. 1098];
*Kaiser* v. *Dalto*, 140 Cal. 170, [73 Pac. 828]; *Gregory* v.
*Gregory*, 102 Cal. 52, [36 Pac. 364].) If, however, appel-
lant claims that whether evidence was or was not presented
in support of the averments of his complaint, it was, never-
theless, the duty of the court to make findings upon the issue
submitted by his pleading, the reply is that the presumption
is, in the absence of a contradictory showing, that he waived
findings as to that issue. (*Mulcahy* v. *Glazier et al.*, 51 Cal.
626; *Campbell* v. *Coburn*, 77 Cal. 36, [18 Pac. 860]; *Kritzer*
v. *Tracy Engineering Co.*, 16 Cal. App. 287, [116 Pac. 700].)
There is nothing in the record indicating or showing that the
appellant did not waive findings.

But counsel for the appellant seems to contend that, since
findings of fact were filed, it must be inferred that findings
as to the issues submitted by the complaint in intervention
were not waived. We do not see how we can so infer or pre-
sume without destroying or rendering nugatory that other
presumption to which we have referred, and which must be
indulged where there is no bill of exceptions or other properly
authenticated record of the evidence, that all intendments
must be made in support of the judgment and all proceed-

ings necessary to its validity be deemed to have been regularly taken. For aught that we can know to the contrary, the appellant might, *ex industria,* have abandoned his affirmative resistance to plaintiff's action. Indeed, upon the presumption that he offered no evidence in support of the claims of his complaint, we have a right to so assume. And, so assuming, why should the court be required to make a finding upon a deserted issue, even if it could justly be concluded that findings are not, under the circumstances, to be deemed to have been waived by appellant? We think that the disposition by the court of appellant's case, as made solely by his complaint, in its conclusions of law was sufficient under the circumstances. In other words, the conclusion of the court, as a matter of law, as to the point raised by appellant's complaint, could have been neither more nor less than as it here appears from a finding which, presumptively, the court must have made, had it made any at all, in relation to the issue submitted by his pleading.

The cases of *Emeric* v. *Alvarado,* 64 Cal. 603, [2 Pac. 418] , *Kirman* v. *Hunnewill,* 93 Cal. 519, [29 Pac. 124], and *Savings & L. Soc.* v. *Burnett,* 106 Cal. 539, [39 Pac. 922], cited by appellant, are not in point here. In each of those cases, the appeal was supported by a bill of exceptions or a statement, and, of course, under such circumstances, a court of review is able to determine whether all the proceedings culminating in the findings and conclusions of law are regular and support the judgment, or whether the court was justified in making its findings, or whether it omitted to make a finding upon a material issue which the evidence warranted and required it to make.

For the reasons herein given the judgment is affirmed.

Burnett, J., and Chipman, P. J., concurred.