(December 4, 1923.)

BOISE VALLEY TRACTION COMPANY, a Corporation, Appellant, v. ADA COUNTY, a Body Politic and Corporate of the State of Idaho, Respondent.

[222 Pac. 1035.]

PLEADING—PRESUMPTION OF REGULARITY IN JUDICIAL PROCEEDINGS—CLAIMS AGAINST COUNTY—PART ALLOWANCE—STATUTES OF LIMITATION—SCHEDULE OF RATES FILED WITH PUBLIC UTILITIES COMMISSION — AUTHORITY OF BOARD OF COUNTY COMMISSIONERS—RESERVATION UNDER ·C. S., SEC. 2424.

1. Where no default was entered it is immaterial whether an amended demurrer was filed within the time limited.

2. Where the record does not affirmatively show any application to file an amended demurrer, or the service of notice of the hearing thereof, or the order allowing the amended demurrer to be filed, and there is no proof in the record, by certificate of

the trial judge or the clerk, to the effect that the record contains all the files or shows all the proceedings in the court below, it will be presumed, in the absence of a showing to the contrary, that the trial court granted leave to file the amended demurrer upon application after due notice given.

3. Under C. S., sec. 3508, the board of county commissioners has no authority to issue a warrant to a party for a claim against the county, which has been allowed in part, unless such party files a receipt in full for his account, nor will the claimant be permitted, if dissatisfied with a part allowance of his claim by the board, to accept the same and sue for the balance. He must either forego the part rejected or submit the claim as a whole to the courts.

4. *Held*, that the claims against the county in question in this case were barred by the provisions of C. S., secs. 3513 and 6614, since actions upon the claims were commenced more than a year after the claims were first allowed in part, and more than six months after they were disallowed as to the balance claimed.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles F. Reddoch, Judge.

Action for services. Judgment for defendant county. *Affirmed.*

Hawley & Hawley, for Appellant.

After the trial of the issues of law raised by an original demurrer, the court cannot permit an amended demurrer to be filed without notice to the adverse party. (C. S., secs. 6725, 6726.)

The Public Utilities Act vests the sole and whole jurisdiction over rates of a common carrier in the Public Utilities Commission, which alone has power to establish lawful rates. (Art. 11, sec. 6, Const.; C. S., secs. 2415–2417, 2420, 2427, 2540, 2450, 2451, 2515, 2516, 2518, 2522, 2525, 2452, 2489, 2517; *Idaho Power Co. v. Blomquist,* 26 Ida. 222, Ann. Cas. 1916E, 282, 141 Pac. 1083.)

Such rule applies to a municipal as well as an individual shipper. (*Suburban Water Co. v. Borough of Oakmont,* 268 Pa. St. 243, 110 Atl. 778.)

Where a common carrier presents a claim to a board of county commissioners for services performed at the rate

filed with and approved by the Public Utilities Commission, the amount of the claim, being fixed by law, is without such board's jurisdiction to determine; such board may only determine whether the claim is a proper county charge and whether the amount and kind of service claimed was in fact performed, and having determined these matters affirmatively its *quasi*-judicial functions cease, the amount to be paid is fixed by law, cannot be changed and the whole claim is approved and allowed, leaving the board with but the ministerial function of causing payment of such amount to be made. (C. S., sec. 3508; art 11, sec. 6, Const.; *Lincoln County v. Twin Falls etc. W. Co.*, 23 Ida. 433, 130 Pac. 788; *Twin Falls County v. West*, 25 Ida. 271, Ann. Cas. 1916B, 185, 137 Pac. 171; *Ward v. Holmes*, 26 Ida. 602, 144 Pac. 1104; *Taylor v. Canyon County*, 7 Ida. 171, 61 Pac. 521; *Campbell v. Commissioners of Logan County*, 4 Ida. 181, 37 Pac. 329; *Gorman v. County Commrs.*, 1 Ida. 553; *Fremont County v. Brandon*, 6 Ida. 482, 56 Pac. 264; *Howell v. Board Commrs.*, 6 Ida. 154, 53 Pac. 542; *Dunbar v. Board Commrs.*, 5 Ida. 407, 49 Pac. 409; *People v. Town Auditors*, 82 N. Y. 80; *Chase County v. Kelly*, 69 Neb. 426, 95 N. W. 865; *Henderson v. Board Commrs.*, 4 Colo. App. 301, 35 Pac. 880; *Mixer v. Board of Supervisors*, 26 Mich. 421; 15 C. J., "Counties," 653; *State v. Roderick*, 25 Neb. 629, 41 N. W. 404; *County Commrs. v. Melvin*, 89 Md. 37, 42 Atl. 910; *Alden v. County Alameda*, 43 Cal. 270; *State ex rel. Beach v. Olsen*, 91 Wash. 56, 157 Pac. 34; *Board County Commrs. v. Robertson*, 35 Okl. 616, 130 Pac. 947; *State v. Lewis*, 18 N. D. 125, 119 N. W. 1037; *Wolf v. Humboldt County*, 36 Nev. 26, 131 Pac. 964, 45 L. R. A., N. S., 762.)

The county cannot pay, nor the carrier accept, a less amount as full payment, as this would be a discrimination not permitted by law. (Art. 11, sec. 6, Const.; C. S., secs. 2427, 2540.)

The claims are not rejected, nor partially allowed, but approved; the attempted disallowance of amount was void and of no effect, could be collaterally attacked at any time, and the carrier was not required to appeal or bring action

within the time prescribed for rejected or partially allowed claims, but might sue any time within four years. (C. S., secs. 3508, 3513, 3515, 6614, 6617; *Fremont County v. Brandon,* 6 Ida. 482, 485, 56 Pac. 264; *Dunbar v. Board Commrs.,* 5 Ida. 407, 49 Pac. 409; Freeman on Judgments, 3d ed., sec. 117.)

Such claim being liquidated in amount, acceptance of a warrant for part thereof was not an accord and satisfaction nor a bar to an action for the balance. (*People v. Board of Supervisors,* 56 Hun, 459, 10 N. Y. Supp. 88; *Wolf v. Humboldt County, supra;* 1 C. J., "Accord and Satisfaction," 539; *Settle v. Sterling,* 1 Ida. 259; *Bodenhofer v. Hogan,* 142 Iowa, 321, 134 Am. St. 418, 19 Ann. Cas. 1073 and note, 120 N. W. 659.)

Laurel E. Elam and Carl A. Burke, for Respondent.

Claims of the nature sued upon by appellant herein must be presented to the board of county commissioners for its approval and allowance. (C. S., secs. 3720, 3721, 3506, 3507, 3245; *Cohise County v. Wilcox,* 14 Ariz. 234, 127 Pac. 758; *State v. Major,* 58 Mont. 140, 192 Pac. 618.)

After partial allowance, claims must be again presented at the next regular meeting of the board. (C. S., sec. 3508; *Arbios v. San Bernardino Co.,* 110 Cal. 553, 42 Pac. 1080; *Marron v. San Diego Co.,* 8 Cal. App. 244, 96 Pac. 814; *Ellis v. Bingham County,* 7 Ida. 86, 60 Pac. 79.)

Suit must be started within six months after rejection, or partial rejection of claim, by the board of county commissioners. (C. S., secs. 3513, 6607, 6614.)

Acceptance of partial payment bars action for any balance claimed to be due. (C. S., secs. 3508; *Eakin v. Nez Perce County,* 4 Ida. 131, 36 Pac. 702; *Clyne v. Bingham Co.,* 7 Ida. 75, 60 Pac. 76; *Ellis v. Bingham County, supra; Yavapai Co. v. O'Neil,* 3 Ariz. 363, 29 Pac. 430; *Butler v. Board,* 57 Okl. 748, 157 Pac. 912; *Herald Publishing Co. v. State,* 63 Ind. App. 465, 114 N. E. 703; *Adams v. Board of Commrs.,* 66 Ind. App. 48, 117 N. E. 876; *Western Construction Co. v. Board,* 178 Ind. 684, 98 N. E. 347; *Paulsen*

*v. Ward. Co.,* 23 N. D. 601, Ann. Cas. 1914D, 822, 137 N. W. 486, 42 L. R. A., N. S., 111.)

Rates fixed and established by Public Utilities Commission are not binding on counties.  (C. S., sec. 2424.)

VARIAN, Commissioner.—This is an appeal from a judgment sustaining an amended demurrer to plaintiff's complaint.

The complaint was filed July 10, 1920, and an amendment thereto was filed on April 5, 1921. A demurrer to the complaint was filed on April 25, 1921, and overruled by the trial court July 2, 1921. By leave of the court an amended demurrer was filed July 26, 1921, and on September 6, 1921, the order overruling the original demurrer was vacated and the amended demurrer sustained. Judgment on the amended demurrer was entered January 26, 1922.

The complaint alleges in effect that appellant is a public utilities corporation, to wit, a railroad corporation, engaged as a common carrier of freight and passengers in Ada county, and operating its lines in said county; that the respondent is a duly organized county of the state of Idaho; that between July 29, 1918, and October 28, 1918, inclusive, appellant performed services, as a common carrier, in hauling sand and gravel for respondent, at its request, and thereafter presented its verified claims for payment, which were acted upon by the board of county commissioners of respondent county. Four claims were filed, each relating to the services performed up to the time of presentation, and containing an itemized statement of the date of services, number of cars hauled, rate per car, war tax and total charge on all cars hauled. That the lawful scheduled rate for the services rendered was $5 per car for all cars hauled to and including July 27, 1918, and that after July 29, 1918, the lawful scheduled rate was $10 per car. That said claims were allowed by the board of county commissioners at the rate of $5 per car, and proportionate war tax charge, at regular meetings of said board, on August 14, 1918, October 16, 1918, November 13, 1918, and Decem-

ber 9, 1918, respectively. That warrants for the amounts allowed were authorized, issued and delivered to appellant, which were eventually paid. That appellant did not receive said warrants, or accept payment thereof in full satisfaction of its claims. That the board of county commissioners, in each case, approved and allowed said claims as to all portions thereof, including dates, quantities and number of cars hauled and quality of service, but disallowed $5 per car, and a proportionate amount of war tax, on all cars charged at $10 per car after July 29, 1918. That there remained a balance unpaid on said claims of $1741.80, and upon July 15, 1919, said claims were duly refiled for said balance, and at a regular meeting of the board of county commissioners, on July 16, 1919, all items therein, including dates, quantity and quality of service, were approved, accepted and allowed, except only the amount charged, which said amount was disallowed. That said balance of $1,741.80 is now, and since said disallowances has been, due appellant from respondent, with interest from the date of the filing of such original claims.

The complaint also alleges that appellant is required by law to file with the Public Utilities Commission its rates and charges, and to charge without change, modification, variance or rebate the rates set forth in its approved schedules. That pursuant to law, appellant on July 25, 1918, issued its local freight tariff, No. 8, which was approved and became effective by order of the Public Utilities Commission on July 29, 1918; that the approved rate for hauling sand and gravel applicable to the service rendered by appellant was fifty cents per cubic yard on a minimum carload of twenty carloads; that said rate was the only rate that could be charged by appellant to respondent from said July 29, 1918, to October 28, 1918; that said rate was fixed by said commission and that it would have been unlawful for appellant to have accepted any other or different rate. That on or about October 16, 1918, respondent filed complaint with said Public Utilities Commission praying that appellant be required to furnish said sand and gravel

hauling at the price of twenty-five cents per cubic yard, and that the rate established in the schedule effective July 29, 1918, be canceled as unreasonable, excessive and unjust. That no decision was ever rendered upon said complaint and the same was dismissed at the instigation of respondent, and said tariff of rates, so far as the sand and gravel rates mentioned therein, are concerned, is still unchanged.

The demurrer filed was to the effect that the complaint did not state facts sufficient to constitute a cause of action, in the following particulars: (a) The complaint shows upon its face that the account has been settled and paid in full under sec. 3508, C. S.; (b) that the complaint shows that the claim sued on is barred under sec. 3513, C. S.

This demurrer was overruled by the court, and leave granted to file an amended demurrer. The amended demurrer is in effect that the complaint as amended does not state facts sufficient to constitute a cause of action against respondent, particularly as follows: (a) Said complaint as amended shows on its face that said account has been settled and paid in full under sec. 3508, C. S.; (b) that said complaint fails to allege that after the said claim was disallowed in part, that appellant's refusal to accept said partial allowance as payment in full was made known to respondent, and that respondent was given an opportunity to pass upon the allowance of the rejected part of said account as provided for under sec. 3508, C. S.; (c) that said complaint shows upon its face that the claim sued on is barred under secs. 3513 and 6614, C. S. This demurrer was sustained by the trial court, and judgment entered for respondent.

Appellant contends that the court below erred in permitting respondent to file an amended demurrer, after the original demurrer had been overruled and time granted for answer had expired, in vacating its former order overruling demurrer, and in sustaining the amended demurrer.

The order overruling the original demurrer was entered July 2, 1921, and gave respondent twenty days in which

to answer. The amended demurrer was served and filed July 26, 1921, as shown by the record.

Counsel for respondent stated in open court at the argument that the record is incorrect, and that the amended demurrer was filed July 22, 1921, within the time limited for answer. This was not controverted by counsel for appellant, and as it is such an error that would have been ordered corrected had application been made therefor at the hearing, or prior thereto, we will assume that the demurrer was filed on July 22, 1921, and not on July 26, 1921. It is immaterial whether the amended demurrer was filed within the time limited, for no default was entered. (*Kerney v. Hatfield,* 30 Ida. 90.)

Appellant in its brief raises the question that the order permitting the amended demurrer to be filed was made without notice to appellant.

Sec. 6726, C. S., reads in part as follows: ''The court may likewise, in its discretion, after notice to the adverse party, allow upon such terms as may be just an amendment to any pleading or proceeding in other particulars, . . . . ''

While the record does not affirmatively show any application for permission to file the amended demurrer, or the service of notice of the hearing thereof, or the order allowing the amended demurrer to be filed, there is no proof in the record, by certificate of the trial judge or the clerk, to the effect that the record contains all the files or shows all the proceedings in the court below. It merely states that the record contains the judgment-roll consisting of certain papers named.

''Upon an appeal from a judgment, upon the judgment-roll alone, all intendments should be made in support of the judgment, and all proceedings necessary to its validity will be presumed to have been regularly taken, and any matters which might have been presented to the court below which would have authorized the judgment will be presumed to have been thus presented, if the record shows nothing to the contrary.'' (*Von Schmidt v. Von Schmidt,* 104 Cal. 547, 38 Pac. 361; *Erving v. Napa Valley Brewing*

*Co.*, 18 Cal. App. 135, 122 Pac. 836; *Segerstrom v. Scott*, 16 Cal. App. 256, 116 Pac. 690, and cases cited.)

"Every presumption is in favor of the correctness of the decision of the trial court, and in order to warrant a reversal error must affirmatively appear from the record." (2 R. C. L., sec. 184, p. 219.)

The burden is on appellant to show error affecting the judgment of the trial court. (*Watt v. Decker*, 16 Ida. 184, 186, 101 Pac. 253; 4 C. J., sec. 2665 (3), p. 735.)

It will therefore be presumed, in the absence of a showing to the contrary, that the trial court granted leave to file the amended demurrer upon application of respondent after due notice to appellant. Where the record does not show said application was made, or notice thereof given, and it does not appear the record contains all the proceedings had in the court below, the appellate court will not presume that the application was not made, nor notice given thereof. See *Hill v. Morgan*, 9 Ida. 718, 76 Pac. 323; *Guthrie v. Phelan*, 2 Ida. 95, 99, 6 Pac. 107; *United States v. Alexander*, 2 Ida. 386, 389, 17 Pac. 746; *Smith v. Clyne*, 16 Ida. 466, 469, 101 Pac. 819.

The demurrer pleads the statute of limitations and a failure, as shown on the face of the complaint, to comply with the provisions of sec. 3508, and permitting the respondent's board of county commissioners to pass upon the amount of the rejected portion of appellant's claim.

Sec. 3720 provides that, "Accounts for county charges of every description must be presented to the board of county commissioners to be audited as provided by law."

The services which are the basis of appellant's claim are a county charge within the definition of sec. 3721, C. S.

Sec. 3506 provides the manner in which accounts shall be made out, and sec. 3507 prescribes that no account need be passed on not made out in conformity to the requirements of sec. 3506, and filed one day prior to the session it is asked to be heard.

The board is granted power "to examine, settle and allow all accounts legally chargeable against the county,

and order warrants to be drawn on the county treasurer therefor, and provide for the issuing of the same." (Sec. 3425, C. S.)

Sec. 3508, C. S., reads: "When the board finds that any claim presented is not payable by the county, or is not a proper county charge, it must be rejected. If they find it to be a proper county charge, but greater in amount than is justly due, the board may allow the claim in part and draw a warrant for the portion allowed, on the claimant filing a receipt in full for his account. If the claimant is unwilling to receive such amount in full payment, the claim may be again considered at the next regular succeeding session of the board, but not afterward."

All of the claims under consideration here were passed on and allowed in 1918, the last in December of that year, and each was allowed in part; that is, for the service at the rate of $5 per car, plus the proportionate war tax. It is not alleged in the complaint that these claims were again considered at the next regular session of the board as the statute permits. The complaint shows that warrants were issued for the portion of each claim allowed, delivered to the appellant, and subsequently paid.

Under sec. 3508, C. S., the board of county commissioners has no authority to issue a warrant to a party for a claim against the county, which has been allowed in part, unless such party files a receipt in full for his account. Nor will a party be permitted, if dissatisfied with a part allowance of his claim by the board, to accept the same and sue for the balance. "He must either forego the part rejected or submit the claim as a whole to the courts." (*Eakin v. Nez Perces County,* 4 Ida. 131, 36 Pac. 702, citing with approval *Yavapai County v. O'Neil,* 3 Ariz. 363, 29 Pac. 430; *Clyne v. Bingham County,* 7 Ida. 75, 60 Pac. 76; *Ellis v. Bingham County,* 7 Ida. 86, 60 Pac. 79.)

All of the claims were barred by the statutes of limitation. Sec. 3513 provides that "A claimant dissatisfied with the rejection of his claim or demand, or with the amount allowed him on his account, may sue the county therefor at any

time within six months after the final action of the board, but not afterward, . . . . ''

Sec. 6614 is as follows: ''Actions on claims against a county which have been rejected by the board of commissioners must be commenced within six months after the first rejection thereof by such board.''

As stated, the four claims of appellant were each allowed in part by the board on August 14, 1918, October 16, 1918, November 13, 1918, and December 9, 1918. They were refiled July 15, 1919, and disallowed July 16, 1919. The present action was commenced July 10, 1920, more than a year after the claims had first been allowed in part, and more than six months after being disallowed as to the balance claimed, i. e., the amount disallowed by the board in 1918. It is clear, under the allegations of the complaint, that appellant's claims are barred by the provisions of secs. 3513 and 6614.

Appellant's position is that the board of county commissioners approved and allowed its claims; that the jurisdiction and power of the board extended only to the determination of whether or not the quantity and quality of service was performed, and having determined what quantity and quality were performed, its power and duty ended, since the law, having fixed, through the promulgation of rates by the Public Utilities Commission, the amount to be charged and paid for such service, the amount to be paid by the respondent was immediately fixed and unalterable, and there remained but the ministerial act of issuance and payment of warrants for such amount.

Appellant's counsel in their brief cite the constitution as follows: '' . . . . The legislature shall have the power to regulate and control .by law, the rate of charges for the transportation of passengers and freight by such companies or other common carriers from one point to another in the state.'' (Art. 11, sec. 5, Const.)

They also refer to the following sections of the Compiled Statutes: Sec. 2417, prohibiting any change in any rate or charge by a public utility, except when ordered by the

Public Utilities Commission; sec. 2420, prohibiting the charg-
ing or receiving of any greater or less or different com-
pensation for transportation of property than the rates and
charges applicable and specified in the schedules filed in
effect at the time, and prohibiting refunding or remission
of any portion of rates so specified except upon order of
the commission; sec. 2427, prohibiting the granting of any
preference as to rates, etc.; and sec. 2540, making rebates
or preferences a misdemeanor.  Other sections of the statute
relating to the power to fix rates are cited, showing such
power to be in the Public Utilities Commission.

Appellant cites numerous authorities to sustain the propo-
sition that the rate-making power is in the Public Utilities
Commission and not in the courts or the shipper, and the
further proposition that where a common carrier presents
a claim to a board of county commissioners for services
performed, at the rate filed with and approved by the Public
Utilities Commission, the amount of the claim, being fixed by
law, is without the board's jurisdiction to determine, and
it can only determine whether the claim is a county charge
and the amount and kind of service was in fact performed.
These being determined, the whole claim is approved and
allowed.

Authorities are also cited to the effect that the claims
were not rejected or partially allowed, but approved; that
the attempted disallowance of amount was void and of no
effect, could be collaterally attacked, and the carrier was
not bound by the procedure herein noted for the allowance
of claims, but might sue at any time within four years;
and also to the effect that the claims being liquidated in
amount, acceptance of a warrant for a part thereof was
not an accord or satisfaction or a bar to an action for the
balance.

These contentions of appellant are fully answered by the
provisions of sec. 2424, C. S., reading in part as follows:

"Nothing in this chapter shall prevent the carriage,
storage or handling of property free or at reduced rates

for the United States, state, county or municipal governments, . . . . ''

This refers to chapter 115 of the Compiled Statutes, which contains the code provisions relating to public utilities law cited by appellant.

The county was not bound by the schedule of rates filed with the Public Utilities Commission, and the board of county commissioners did have authority to ascertain and fix the amount due, subject to review by the courts. Appellant was right in following the procedure for the allowance and collection of claims against the county, and having failed to fully comply with the requirements of that procedure relative to bringing suit, has lost its remedy.

I therefore recommend that the judgment be affirmed, with costs to respondent.

McCarthy, Dunn, William A. Lee and Wm. E. Lee, JJ., concur.

PER CURIAM.—The above opinion is hereby approved and adopted as the opinion of the court, and it is ordered that the judgment of the lower court be affirmed. Costs awarded to respondent.

### ON PETITION FOR REHEARING.

#### (February 4, 1924.)

VARIAN, Commissioner.—In its petition for rehearing appellant takes exception to the following language used toward the end of the opinion:

''The county was not bound by the schedule of rates filed with the Public Utilities Commission, and the Board of County Commissioners did have authority to ascertain and fix the amount due, subject to review by the courts.''

The objection is that this implies that the board of county commissioners and the district court have authority to fix rates in defiance of the Public Utilities Commission. The language used is perhaps subject to this construction though

we did not intend to so hold. C. S., sec. 2424, referred to in the original opinion, contemplates merely the fixing of a reduced rate by agreement between the carrier and the municipality or other person falling within the excepted classes. It does not give the persons falling within the excepted classes the right to fix the rate for themselves. However, there would have been nothing illegal in an agreement between appellant and respondent calling for a reduced rate of $5 per car, and such a rate may have been agreed upon. Whether or not that was the case was a question to be decided by the board of commissioners in the first instance, along with other questions involved in the claim.

The filing of the claim by appellant at the rate of $10 per car constituted a contention on the part of appellant that no reduced rate for such service had been agreed upon. The allowance of the claim in part by the commissioners is equivalent to a decision on their part that the sum allowed, to wit, $5 per car, represented the value of the service under an agreement, which could have been lawfully made. The allowance of the claim in the amount of $5 per car was thus not necessarily illegal. It was not an action which they lacked authority to take under any circumstances. Therefore the question was one which appellant was bound to raise by an action in the district court brought within six months of the rejection, as provided by C. S., secs. 6614 and 3513. By failure to bring such an action appellant lost its right to raise the question. If the order had been one which the board lacked authority to make under any circumstances, it would have been void on its face and the present action would have been proper.

McCarthy, C. J., and Dunn, William A. Lee and Wm. E. Lee, JJ., concur.

PER CURIAM.—The above opinion is hereby adopted as the opinion of the court.

The original opinion is modified as above stated. With these modifications the petition for rehearing is denied.