(No. 5102. April 1, 1929.)

H. L. MORRISON and ROXIE R. MORRISON, Appellants, v. WALTER E. PIERCE, Respondent.

[276 Pac. 306.]

Martin & Martin, for Appellants.

Richards & Haga, for Respondent.

ADAIR, District Judge.—Appellants executed and delivered to respondent a contract in writing purporting to be an absolute assignment and transfer of all their title and interest, if any, in a certain restaurant and cafeteria, and all equipment, furniture and fixtures of every kind used in connection therewith, located in a building belonging to respondent but occupied for such business purpose by appel-

lants. Because of alleged nonpayment of rent they were later evicted, and then brought this action for damages for the alleged wrongful conversion of their personal property, asserting in their complaint, that the contract was in effect a mortgage to secure certain indebtedness due respondent from them. A trial by jury resulted in a verdict for the defendant, and from the judgment entered thereon, and an order denying a motion for a new trial, this appeal is taken.

Under the pleadings several issues of facts were raised. Numerous witnesses were sworn and testified. The error assigned is based upon the giving and refusal to give certain instructions. There is no transcript of the evidence, the record here including only the judgment-roll, court minutes, exhibits, instructions requested, and those given.

The verdict was general, and the jury may have found for respondent upon some issue entirely disassociated from that involved in the instructions complained of. The jury may have found that there was no proof that the appellants had suffered any damage or injury, or they may have found for respondent on some other issue, where there would have been no occasion for them to apply either of the instructions now claimed to be erroneous. In an appeal from a judgment upon the judgment-roll, the bill of exceptions not containing the reporter's transcript of the evidence taken and proceedings had at the trial, all intendments favor the judgment, and all proceedings necessary to its validity will be presumed to have been regular; and where there is no such transcript of the testimony and the exhibits are the only evidence before this court, it will be presumed that there was no evidence contrary to the showing made by such exhibits. (*Boise Valley Traction Co. v. Ada County*, 38 Ida. 350, 222 Pac. 1035; *McDonald v. Challis*, 22 Ida. 749, 128 Pac. 570; *Nelson v. Lemmon*, 10 Cal. 49; *Bryant v. Gray*, 179 Cal. 679, 178 Pac. 709; *Frost v. Grizzly Bluff Creamery Co.*, 102 Cal. 525, 36 Pac. 929.)

Ordinarily this court will not pass upon purely abstract or academic questions of law pertaining to alleged erroneous instructions, after a trial court has denied a

motion for a new trial, unless the entire record demonstrates the fact that the alleged erroneous instructions actually prejudiced the rights of appellant, and that, had the error complained of not occurred, there might have been a finding by the jury contrary to the verdict rendered. Where there is no evidence before this court sustaining appellants' position, it will be presumed that there was no evidence to sustain the same, and that respondent was entitled to a directed verdict, and consequently, even if the instructions complained of were in fact erroneous, still the judgment will not be reversed, since a party cannot be heard to complain of an instruction more favorable than that to which he was entitled. (*Saccamonno v. Great Northern Ry. Co.*, 30 Ida. 513, 166 Pac. 267; *Wiley v. Young*, 178 Cal. 681, 174 Pac. 316.) The presumption deducible from the record before us is that the judgment appealed from is correct and in accordance with the evidence admitted at the trial.

This opinion might properly end here were it not for the fact that in this case our attention is directed to an important principle, or rule of procedure, which may hereafter mislead trial courts in cases involving similar situations. One instruction given the jury was that plaintiffs must establish their case by a preponderance of the evidence. Another instruction (number 8) charged that "if you are clearly convinced from all the evidence, that said writing was not intended by the parties as a transfer of title, but merely as a mortgage on the property as security for a debt it would be permissible for you to hold that the property belonged to the plaintiffs." Instruction Number 12 was to the effect that on the question as to the character of the written instrument in controversy the evidence, to warrant a recovery by plaintiffs, must be "clear, satisfactory and convincing." It is contended by appellants that the first mentioned instruction is inconsistent and in conflict with instructions Nos. 8 and 12, and that the two last instructions do not conform to the rule stated in *Hess v. Hess*, 41 Ida. 359, 239 Pac. 956, as expressed in the opinion on rehearing at page 364, wherein it was held that in cases in-

volving the establishment of trusts, and other similar causes of action, and which are tried by the court, without a jury, the rule is that the degree of proof required is "clear and convincing evidence of such a conclusive and satisfactory nature as to leave no well-founded doubt," but that it is error for the court to charge a jury, in any kind of action, that a party must prove his case by more than a preponderance of the evidence.

In jury cases which are exclusively law actions, involving no equity issues, the above statement with reference to the *quantum* of proof is correct and the general rule. The authorities cited by the author of said opinion, as a basis for the holding that instructions requiring a higher degree of proof than a preponderance are improper, with one exception, all involved straight law actions. The rule stated in 1 Randall on Instructions to Juries, sec. 247, cited in the opinion, refers generally to cases which are in fact strictly law actions. In the cited case of *Western Assur. Co. v. Hillyer-Deutsch-Jarratt Co.* (Tex. Civ. App.), 167 S. W. 816, an action seeking to reform an insurance policy by changing the name of the insured and to recover thereon, it is said:

"Recognition has frequently, and we may say uniformly, been accorded to the rule that evidence in certain cases must be 'clear and satisfactory' or 'clear and convincing.' See the cases cited in Simpkins on Equity, pp. 158, 244, 526.

"However our courts have often stated that such rules are not to be given in charge to the jury." (Citing Texas cases.)

A grantor seeking to show that an absolute conveyance is not what it naturally purports to be has the burden of making strict proof of such fact. Having given the transaction the form of a bargain sale, slight and indefinite evidence should not be permitted to change its character. The writing itself stands as the clearly ascertained intention of the parties which must be enforced unless it is shown by convincing evidence that it was under a different mutual inten-

tion of the parties that the instrument was delivered and accepted. From an examination of the authorities it appears that, while the same formula of words has not always been used, the rule has been uniformly announced, in such cases, to be that the proof must be clear, satisfactory and convincing. This court has repeatedly held that one who seeks to prove that an instrument which purports on its face to be an absolute conveyance of title is in fact a mortgage must do so by that degree of proof. (*O'Regan v. Henderson*, 46 Ida. 761, 271 Pac. 423; *Wright v. Rosebaugh*, 46 Ida. 526, 269 Pac. 98; *Clinton v. Utah Construction Co.*, 40 Ida. 659, 237 Pac. 427; *Shaner v. Rathdrum State Bank*, 29 Ida. 577, 161 Pac. 90; *Bergen v. Johnson*, 21 Ida. 619, 123 Pac. 484.)

Whether tried by the court alone, or tried by a jury, the rule that in cases involving the reformation of contracts, the proof must be clear and convincing is alike applicable. There is no logic or reason for making any distinction in the degree of proof required because of the difference in the tribunal trying the fact. This rule of evidence should apply to either mode of trial. Many able courts, in considering this precise question have held that where the issue is tried by a jury the same degree of satisfactory and convincing proof is required: *Voorhies v. Hennessy*, 7 Wash. 243, 34 Pac. 931; *Perot v. Cooper*, 17 Colo. 80, 31 Am. St. 258, 28 Pac. 391; *Winston v. Burnell*, 44 Kan. 367, 21 Am. St. 289, 24 Pac. 477; *Carlson v. Kroeger*, 151 Minn. 343, 186 N. W. 705; *McCormick v. Herndon*, 67 Wis. 648, 31 N. W. 303; and so on down through a long line of decisions which we will not multiply here. It is apparent from these cases that instructions which declare that a bare preponderance is sufficient to sustain claims of this nature are disapproved because they minimize the effect of the written instrument, and suggest that it is unimportant. In a well-considered case, *Sloan v. Becker*, 34 Minn. 491, 26 N. W. 730, concerning an instruction to the effect that a "mere preponderance of proof is not sufficient but the evidence must be clear and strong," the Minnesota court said:

"This instruction was correct. The appellant contends, in effect, that in all cases where an issue of fact is tried by a jury it is their exclusive province to weigh the evidence, and the rule, generally applicable in civil actions, that they may find the issue according to the preponderance or balance of the evidence prevails. The fallacy of the argument consists in its assuming that the character of the tribunal which tries the fact determines what amount or degree of proof shall be required; for the amount of proof required depends on the character of the issue to be tried, and not on the tribunal trying it. . . . . In civil actions generally a preponderance is enough, whether a trial is by a jury, or by the court without a jury. In suits for the reformation of written instruments on the ground of mistake, the rule is well settled that a mere preponderance of evidence will not suffice, but that the mistake must be shown by clear and satisfactory proof."

That portion of the opinion on rehearing in *Hess v. Hess, supra,* seeming to hold that in all cases tried by jury it is error to instruct that the burden is on plaintiff to establish his case by any degree of proof greater than a preponderance is not in accord with the weight of authority, and will no longer be the law in this state, and said opinion, to that extent, is hereby expressly overruled.

The three instructions given in the instant case were not inconsistent or conflicting. It was proper for the court to instruct the jury that the plaintiffs must establish their case by a preponderance of the evidence, and then to further direct their attention to this particular issue of fact, and, as to that, inform them that the proof must be clear and convincing. The effect of such instructions was to advise the jury that in order to preponderate over the manifest purpose and intent of the instrument, this particular proof must be clear and convincing.

The judgment and order appealed from will be affirmed, with costs to respondent.

Budge, C. J., Givens, J., and Baker, D. J., concur.

Wm. E. Lee, J., concurs in the result.