(July 31, 1925.)

## D. D. DRENNAN, Respondent, v. J. M. LAVENDER, Appellant.

[238 Pac. 532.]

PROOF REQUIRED TO CONSTRUE DEED AS MORTGAGE — INTENTION OF PARTIES—DEBTOR'S OPTION TO REPURCHASE PROPERTY.

1. One claiming that a deed was intended as a mortgage, and that it should be given a different construction from that clearly appearing on the face of the instrument, must show by clear and convincing evidence that a mortgage was intended by the parties.

2. A creditor may take from his debtor a deed to real property in satisfaction of a precedent debt, and may at the same time contract to reconvey the property upon the performance of certain conditions, without any intention on the part of either party that the transaction should be in effect a mortgage.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. W. F. McNaughton, Judge.

Action to recover possession of real property. Judgment for plaintiff. *Affirmed.*

Edward H. Berg, for Appellant.

The deed given by Lavender to Drennan was intended to secure an indebtedness and was therefore a mortgage. (19 R. C. L. 267, sec. 36, and cases cited; C. S., sec. 6358; *Kelly v. Leachman,* 3 Ida. 392, 29 Pac. 849; *Wilson v. Thompson,* 4 Ida. 678, 43 Pac. 557; *Hannah v. Vensel,* 19 Ida. 796, 116 Pac. 115; *Bergen v. Johnson,* 21 Ida. 619, 123 Pac. 484;

Publisher's Note.

1. Parol evidence to show absolute deed to be mortgage, see note in 15 Am. Dec. 47.

2. Deed absolute in form but with agreement to reconvey as mortgage, see note in 17 Am. Dec. 300.

Effect of defeasance agreement accompanying absolute conveyance, see note in Ann. Cas. 1914C, 1079.

*Machold v. Farnan,* 20 Ida. 80, 117 Pac. 408; *Smith v. Schultz,* 23 Ida. 144, 129 Pac. 640; *Johansen v. Looney,* 30 Ida. 123, 163 Pac. 303.)

Potts & Wernette, for Respondent.

Where one asserts that a deed, absolute on its face, with a conditional contract to repurchase within a certain time, is simply a mortgage given as security for the payment of a debt, he must show by clear and convincing evidence that it was intended as a mortgage and not as a sale. .(*Shaner v. Rathdrum State Bank,* 29 Ida. 576, 161 Pac. 90; and cases therein cited.)

JOHNSON, District Judge.—This action was brought by respondent for the possession of certain real property which had previously been conveyed to him by deed from the appellant. Appellant sets forth in his answer that he had executed the deed to the property to secure an indebtedness and that it was a mortgage.

Upon this issue the cause was tried by the court without a jury and the court made findings and entered judgment in favor of the respondent, whereby it was held that the deed was not a mortgage but a deed in fact. The appeal is from the judgment.

Appellant in his brief states that: "There is one single issue in this case: Was the deed intended to pass title or was it in fact a mortgage to secure debt?"

The insufficiency of the evidence to sustain the findings and judgment is virtually the only question raised by the assignments of error. The evidence in the case is clear that the appellant was indebted to the respondent. The testimony of the respondent is that he furnished to the appellant the money with which to make payments on the land, and that the money loaned by respondent to appellant was part of the purchase price of the property. The respondent thereafter commenced an action in the district court against appellant and secured a judgment for the amount due him. After the judgment was rendered the appellant executed

and delivered first a quitclaim deed and thereafter a warranty deed to the respondent. After securing a deed respondent paid the balance of the purchase price of the land due to the parties from whom the land was purchased by appellant. The evidence also discloses that prior to and at the time of the giving of the deed the appellant was delinquent in his payments on the contract for the purchase of the land and that he had received notice that his contract would be forfeited if he did not pay. The evidence also shows that taxes on the land were paid by the respondent.

The respondent's testimony is to the effect that the deed was not taken as a mortgage, and he testifies that after the deed was executed and delivered he stated to appellant that the appellant could pay rent for the property at the rate of ten dollars per month and buy the property back at any time within a year by paying the rent and the amount respondent had in the property plus interest. No rent was paid by appellant.

The appellant testified that the deed was given as security with the right to redeem within a year.

The only other witness in the case was the attorney for the respondent in the case when judgment was first obtained against the appellant and who also drew the deeds. Without objection he testified that ''Dr. Drennan asked me to request Mr. Lavender to give a deed in satisfaction of the judgment on the property.'' And he further testified that Dr. Drennan never mentioned or made any statement about obtaining a deed as security for the payment of the judgment. He further testified:

''A. At the time the deed was given Mr. Lavender came up to my office and he told me at the time he gave the deed that he had had a conversation with Dr. Drennan relative to this and said that he had a year to redeem it in. He had made an agreement with Dr. Drennan to have a year to redeem it in. Shall I state what—

''Q. Go ahead.

"A. I told him if he had such an agreement that he should get the doctor to have the agreement drawn up so that he would have the agreement in writing at that time.

"Q. Was there any such agreement drawn up in your office?

"A. Not in my office; no, sir.

"Q. When you took the matter up with Mr. Lavender did you send for him to come to your office before giving this deed or did he come of his own accord?

"A. I don't remember of having sent for him. During the time this was in court he called at my office several times, but I don't think that I ever sent for him."

The appellant in his brief lays stress upon his statement to respondent's attorney, but whether the statement so made by appellant to respondent's attorney is a self-serving declaration or not, it is certainly not binding on respondent and especially so when appellant was advised by respondent's attorney that "if he had such an agreement he should . . . . have the agreement in writing." Notwithstanding such advice he still executed the deed.

The court found, and we believe the finding is sustained by the evidence, "that it was not the intention of the said defendant or the said parties, that the said deeds or either of them should constitute a mortgage on said above described property, or that they were made or executed as collateral security for any debt existing between said defendant and said plaintiff; that it was the intention of said parties to said deeds that the title should pass by said deed from said defendant to said plaintiff unconditional."

This court, in the case of *Shaner v. Rathdrum State Bank,* 29 Ida. 576, 161 Pac. 90, held that: "It is a well-settled rule of law that where one asserts that a deed shall be given a different construction from that clearly appearing on its face, claiming that it is a mortgage, he must show by clear and convincing evidence that a mortgage, and not a sale with right to repurchase, was intended."

The court also found, and we believe the finding is sustained by the evidence: "That after the execution and de-

livery of said deeds, the said plaintiff orally agreed with said defendant that if the said defendant would pay the sum of ten dollars per month rent for the use and occupation of said property, payable each month, that the said plaintiff would allow the said defendant to repurchase the said . . . . property from the said plaintiff at any time within a period of one year.'' The court further found, and the evidence on this point is undisputed, that the defendant failed to pay rent and failed to repurchase the property.

In the case of *Shaner v. Rathdrum State Bank, supra,* this court stated the rule as follows:

''Under the law there can be no question that a party can make a purchase of lands, either in satisfaction of a precedent debt or for a consideration then paid, and may at the same time contract to reconvey the land upon the payment of a certain sum, without any intention on the part of either party that the transaction should be in effect a mortgage. There is no absolute rule that the covenant to reconvey shall be regarded, either in law or in equity, as a defeasance.''

Finding no error in the record on any of the points which have been assigned as error, the judgment is affirmed, with costs to respondent.

William A. Lee, C. J., and Wm. E. Lee, Budge and Givens, JJ., concur.