(No. 4874. October 20, 1928.)

J. J. O'REGAN and JOHN J. CANTWELL, Respondents, v. H. W. HENDERSON, Sheriff of Bannock County, Idaho, and W. A. NORTON, Appellants.

[271 Pac. 423.]

Jones, Pomeroy & Jones and Geo. D. McClintock, for Appellants.

762

P. C. O'Malley, for Respondents.

BUDGE, J.—This action is one to quiet title. The facts are not in dispute, substantially, that on October 23, 1919, Manuel Bengoechea and wife executed and delivered to the

First Savings Bank of Pocatello their warranty deed to the property described in the complaint. The deed was delivered to the bank to secure the payment of an indebtedness due it from one VanderDonckt, and, upon payment of said indebtedness, under directions of VanderDonckt a deed was made by the bank to respondent Cantwell and by the latter to respondent O'Regan.

The controlling question is whether the deed given the bank by Bengoechea and wife was a deed absolute or a mortgage. That it was not a mortgage to secure a debt of Bengoechea or his wife is unquestioned. Neither were indebted to the bank prior or subsequent to the execution and delivery of the deed. The trial court found that the evidence produced upon the trial "shows that Manuel Bengoechea (and wife) transferred whatever right, title and interest he (they) had in and to said property by a warranty deed on the 23d day of October, 1919, to the First Savings Bank of Pocatello, Idaho, and that it has not been shown that the said Manuel Bengoechea (and wife) had since that date had any right, title or interest in and to the said property that would be subject to the judgment of the defendant W. A. Norton, or that could be levied upon under an execution upon said judgment. . . . . ''

This court recently held in *Wright v. Rosebaugh, ante,* p. 526, 269 Pac. 98:

''A fee simple title is presumed to pass by a grant of real property, and, independent of proof, the presumption arises that the instrument is what it purports on its face to be—an absolute conveyance of the land. To justify a trial court in determining that a deed which purports to convey land absolutely in fee simple was intended to be something different, as a mortgage, the authorities are uniform to the point that the evidence must be clear, satisfactory, and convincing, and that it must appear to the court beyond reasonable controversy that it was the intention of the parties that the deed should be a mortgage. (Citing cases.) The trial court is the appropriate tribunal to weigh the evidence, and determine whether it is con-

vincing and satisfactory, within the meaning of the rule. It has been said that in such cases, as in others, the determination of that court in favor of either party upon conflicting or contradictory evidence is not open to review in the appellate court.''

We are of the opinion that the evidence is sufficient to support the finding of the trial court that the deed from Bengoechea and wife to the bank conveyed all their right, title and interest in and to the property; and that it clearly appears from the record that when the Bengoecheas executed and delivered the deed to the bank they relinquished possession, control and dominion of the premises, thereafter asserted no claim of ownership to the property and paid no taxes thereon. Upon the other hand, it is shown that VanderDonckt or his agent assumed control and dominion of the property, collected the rents and applied the same partly in payment of VanderDonckt's indebtedness to the bank and to Bengoechea, and in repairs upon the property.

From the whole record we are satisfied that the evidence falls short of the requirements necessary to justify the overthrow of a deed absolute on its face, in view of the rule applied in such cases, as set out above.

The judgment is affirmed. Costs to respondents.

Givens and Taylor, JJ., concur.