(No. 5497.   July 8, 1930.)

HARVE PARKS, Appellant, v. C. A. MULLEDY, Re-
spondent.

[290 Pac. 205.]

Leo McCarty, for Appellant.

Cox & Martin, for Respondent.

VARIAN, J.—■ This is an action to have a deed, absolute on its face, declared to be a mortgage. The case was tried to the court without a jury, and, from a decree in favor of defendant, plaintiff appeals. But one question is presented by the record: Are the findings and decree sustained by the evidence?

On April 16, 1925, plaintiff was the owner and in possession of 470 acres of farming land situate in township 32 north, range 5 E., B. M., in Idaho county, Idaho, on which there was also a large quantity of standing timber. The court found in substance, upon conflicting evidence, that on said date plaintiff and his wife executed and delivered their absolute and unconditional warranty deed, regularly executed (afterwards recorded), conveying the said lands to the defendant, for a valuable consideration; that said deed was not intended as a mortgage or as security by either

of the parties, and that upon delivery of said deed plaintiff was not indebted to defendant in any sum; that defendant did not loan, or agree to loan, any sum to plaintiff as a consideration for said deed; that on or about said April 16, 1925, defendant entered into a contract with plaintiff to reconvey the said premises for $5,250, payable, one dollar on the execution of the contract, $4,000 by assumption of a mortgage on the premises, and $1,249 on or before March 1, 1926; that the contract provided that in case plaintiff failed to pay said sum punctually and promptly, his rights thereunder should terminate and become of no effect; that said contract was not intended by either of the parties to modify the effect of the said warranty deed, and did not modify the same; that plaintiff, by said contract, bargained for and acquired the right to repurchase said property within the time and upon the terms in said contract specified; that after the expiration of the time specified in said contract, plaintiff asked and secured from defendant a short extension of time for repurchase, and upon the expiration of such extension of time advised defendant that he could not repurchase the property nor find any purchaser who would pay more than defendant had paid, and thereupon plaintiff surrendered his copy of the said contract and declared that he had no further interest under the same, nor further interest or claim to the premises therein described; that plaintiff has paid nor tendered no sums whatsoever to the defendant under the said contract, or otherwise, with respect to said property, and has produced no evidence of ability or willingness to pay the sums invested by defendant in the property, and the amount of defendant's present investment in the property exceeds the actual market value thereof; that at the time of making the said deed, plaintiff asked for and received permission to occupy a small house situated upon the premises, which plaintiff occupied at the time of the trial; that the remainder of the deeded premises has been in possession of defendant through tenants holding under him, and that plaintiff's possession and occupation have been permissive and not adverse to defendant's title; that prior

to the commencement of this suit, plaintiff made no tender to defendant of the amount of any loan, together with any sums paid by defendant on account of taxes, or the mortgage for $4,000, or any sum whatsoever, and that plaintiff made no request of defendant for an accounting of rents and profits, or that defendant reconvey and deliver possession of said premises to plaintiff; that defendant is entitled to possession of the property; that plaintiff is not and has not been ready or willing to pay the sums alleged in the complaint to have been loaned plaintiff, made no tender into court, and offered no evidence of his willingness or ability so to do.

The undisputed evidence shows the execution and delivery, by plaintiff and wife, of an absolute warranty deed, in the usual form, to defendant, dated April 16, 1925, and a written agreement of the same date, executed by plaintiff and defendant, whereby defendant agrees to sell and convey to plaintiff the premises described in said deed, upon payment of $5,250, in instalments, payable as found by the court. The rental for the year 1925 is to be delivered to defendant and become his property, but in case plaintiff exercises his option to purchase, said rentals are to be applied on the purchase price. In addition, plaintiff agrees to reimburse defendant for any amounts advanced for taxes for the year 1925, and to pay interest on the $4,000 mortgage loan at the rate of eight per cent per annum from April 15, 1925. The cash consideration for the conveyance to plaintiff was $1,000, which was disbursed by the bank to certain of his creditors by direction of plaintiff, including $200 to defendant on account of a store bill owed him by plaintiff. There being no attorney at Kooskia where the papers were drawn, the banker Quist acted as scrivener, drew the deed and contract, and took the acknowledgments of the grantors. Four weeks later, Quist testified, he became interested with the defendant in the ownership of the property, advancing one-third of the $1,000 cash payment. Quist and Mulledy testified that the parties intended an outright purchase with an agreement to reconvey for an additional sum. The written evidence, including a memo-

randum made by Quist based upon statements made to him
by both parties prior to the drafting of the deed and con-
tract, clearly indicates such was the intention. Mulledy
has paid the taxes for the year 1925 and succeeding years,
together with interest accruing on the $4,000 mortgage since
April 16, 1925.

Mulledy testified that after Parks was unable to sell
the property at the conclusion of the oral extension of the
written agreement, Parks told him he was through and would
surrender his copy of the agreement. When asked for
the agreement later at Mulledy's place of business, Parks
said he was going away, and for Mulledy to ask Mrs. Parks
for it. He telephoned her, and she mailed the agreement
to defendant. Parks denied that he told Mulledy he was
through or authorized him to request the writing from Mrs.
Parks. At the time of the transaction, the premises were
in possession of a tenant, except a portion thereof, on which
Parks was permitted to reside in a small house. The proof
shows this possession was purely permissive under Mulledy.

The witness Blake, who looked over the property with
Parks on June 15, 1927, with a view to making a loan on it,
testified that he went to Quist with Parks, telling him that
he was prepared to loan Parks up to $6,000 on the prop-
erty, and would have the papers cleared through a bank in
Lewiston.

Witnesses placed the value of the property at from $6,000
to $13,000 at the date of the deed, and the evidence was
conflicting on this point also. The court found the value
at the time of the conveyance was not to exceed $6,000.

Both Parks and his wife testified in effect that the $1,000
was a loan and not given in purchase of the place. While
the evidence is conflicting, there is no doubt but that the
parties intended the transaction as an outright sale with a
contract to repurchase. The authorities cited by appellant
to the effect that where there is a doubt, in cases where
there is an agreement to reconvey, the transaction will be
construed to be a mortgage rather than a sale, are not in
point here.

A person may purchase lands, and at the same time contract to reconvey them for a certain sum, without the intention of either party that the transaction should in effect be a mortgage. It is not material whether the consideration is an antecedent debt, or a consideration then paid, or consists partly of both. "There is no absolute rule that the covenant to reconvey shall be regarded, either in law or in equity, as a defeasance." (*Shaner v. Rathdrum State Bank,* 29 Ida. 576, 161 Pac. 90, 92; *Drennan v. Lavender,* 41 Ida. 263, 238 Pac. 532.) And this court has held that the intent to establish that an absolute conveyance is not what it purports to be must be proven "clearly and satisfactorily" (*Bergen v. Johnson,* 21 Ida. 619, 123 Pac. 484); that the proof must be "clear and convincing" (*Shaner v. Rathdrum State Bank, supra; Drennan v. Lavender, supra; Clinton v. Utah Construction Co.,* 40 Ida. 659 (680), 237 Pac. 427); and "that the evidence must be clear, satisfactory, and convincing, and that it must appear to the court beyond reasonable controversy that it was the intention of the parties that the deed should be a mortgage" (*Wright v. Rosebaugh,* 46 Ida. 526, 269 Pac. 98, 99; *O'Regan v. Henderson,* 46 Ida. 761, 271 Pac. 423; *Morrison v. Pierce,* 47 Ida. 430, 276 Pac. 306).

The intention of the parties at the time an agreement to execute a deed is consummated is determinative of whether the title is irrevocably transferred, or the conveyance is merely as security for the payment of a debt or performance of an obligation. (*Clinton v. Utah Construction Co., supra.*)

Measured by the following principles, we think the evidence in this case fully sustains the findings of the trial court, and, there being a conflict in the evidence, we are bound by the rule as in other cases.

"The trial court is the appropriate tribunal to weigh the evidence, and determine whether it is convincing and satisfactory within the meaning of the rule. It has been said that in such cases, as in others, the determination of that court in favor of either party upon conflicting or con-

tradictory evidence is not open to review in the appellate court." (*Wright v. Rosebaugh, supra; O'Regan v. Henderson, supra.*)

Judgment affirmed. Costs to respondent.

Givens, C. J., and Budge, Lee and McNaughton, JJ., concur.