(No. 6871.   July 18, 1941)

LESTER HILL—formerly OTTO D. BURNS as Trustee for LESTER HILL, Appellant, v. L. H. DAUGHERTY, BERTHA B. KLOPHER, ANNA GERTRUDE JOHNSON, SARAH GRACE BLECK, JESSIE LEWIS DAUGHERTY, FRANK PAYNER DAUGHERTY, INEZ HESTER MACKAY and the FARMERS BANK OF KENDRICK, IDAHO, Respondents.

(115 Pac. (2d) 759)

Thomas A. Madden, for Appellant.

Verner R. Clements, for Respondents.

BUDGE, C.J.—This action was brought originally by Otto D. Burns as trustee for Lester Hill, the only heir of Charles Hill, deceased. Subsequent to the hearing in the lower court Otto D. Burns died and by permission of the trial court, Lester Hill, who is the real party in interest, was substituted as plaintiff. Appellant seeks to have a deed absolute on its face declared a mortgage; and for an accounting. The material facts as disclosed by the record are substantially as follows:

On November 17, 1928, Charles Hill, now deceased, father of appellant, executed a deed absolute on its face conveying a farm, then owned by Hill, consisting of 899.60 acres in Nez Perce County, to respondent L. H. Daugherty, which deed was duly recorded in the office of the county recorder of Nez Perce County on December 4, 1928. In consideration for the deed respondent L. H.

Daugherty was to pay an indebtedness of Hill in the sum of $10,806.82 to one Thomas; also an indebtedness in the sum of $23,421 to Metropolitan Life Insurance Company. Said indebtedness being secured by mortgages upon the aforementioned real property. On December 11, 1928, respondent L. H. Daugherty paid Hill's indebtedness to the above mentioned Thomas, and on December 31, 1928, paid Hill's indebtedness to the Metropolitan Life Insurance Company.

On November 17, 1928, Charles Hill signed a promissory note for $33,500 in favor of respondent L. H. Daugherty. On the back of the note was written "Secured by a First Mortgage on 899.60 acres in Nez Perce County." This note, together with other papers hereafter referred to, was delivered to the Farmers Bank of Kendrick, Idaho, as escrow holder, sometime between November 17, 1928 and December 11, 1928, seven days subsequent to the recording of the warranty deed above referred to.

On December 10, 1928, respondent L. H. Daugherty and Charles Hill entered into a written agreement whereby respondent Daugherty agreed to sell the above mentioned real estate to Hill for the sum of $33,500 to be paid on or before December 1, 1933 together with interest thereon from November 17, 1928 at the rate of 7% per annum, payable annually on December first of each year during the term of the agreement, which provided, among other things, for a forfeiture of Hill's interest in and to the above mentioned property in the event of a default in its terms and conditions by Hill, and that "said purchase price and indebtedness is further evidenced by a certain promissory note dated at Kendrick, Idaho, on November 17, 1928, for $33,500.00 due and payable December 1st, 1933 and bearing interest at 7% per annum payable annually on December 1st of each year during the term of the said note * * * *," and "it is agreed between the parties hereto that possession of said above described real property shall be delivered to the second party (Hill) upon the execution and delivery of this agreement." Hill was to keep the premises insured and in case of loss, payments under the policies were to be made payable to respondent L. H. Daugherty as his interest might appear. Hill was to

pay and discharge all taxes "now levied and assessed against said lands or which may hereafter during the term of this contract be levied and assessed against said lands, before delinquency, * * * * ."

Time was to be of the essence of the agreement. It being further provided that default on the part of Hill in any of the conditions or covenants contained in the agreement would work a forfeiture thereof after 10 days notice in writing by respondent L. H. Daugherty pointing out such default and demanding performance thereof, and in case of failure on the part of Hill to cure such default within 10 days from the receipt of the notice pointing out such default, lawful possession of the premises was to be delivered to respondent L. H. Daugherty, his agents or attorneys with the right to reenter the same, and Hill was to surrender peaceful possession thereof. Under the terms of the agreement, a warranty deed conveying said lands to Hill, the note for $33,500 dated November 17, 1928, the agreement above referred to, together with an abstract of title to the premises above mentioned were to be placed in escrow with the Farmers Bank of Kendrick, Idaho, and upon the payment to the bank, as such escrow holder, by Hill of the principal and interest of the promissory note first above mentioned, "said bank shall deliver said deed, this agreement, said promissory note, and said abstract" to Hill and pay over to respondent L. H. Daugherty the money paid by Hill under the terms of the agreement, and in case of default in the payment of the note and interest or other defaults as provided in the agreement, the bank, as the escrow holder, on demand by respondent L. H. Daugherty was to deliver all of the instruments and papers to Daughterty.

It further appears from the record that Charles Hill and one J. C. Galloway entered into a certain contract on November 15, 1929, containing, among other things, the following recital: "that whereas said party of the first part (Hill) has a contract with one L. H. Daugherty of Leland, Idaho, said contract bearing date of December tenth, 1928, to purchase the following described real estate, * * * * (Then follows a description of the 899.60 acres of land now in controversy.) * * * *, said real estate

to be purchased for the sum of $33,500 to be paid with interest according to the terms of a certain promissory note dated at Kendrick, Idaho, November seventeenth, 1928, and due December first, 1933; said contract also containing certain other stipulations * * * *."

By the terms of the above agreement Charles Hill during his lifetime and on the date recited in the agreement, acknowledged in writing that respondent L. H. Daugherty was the then owner in fee of the 899.60 acres of land conveyed to him by an absolute deed by Charles Hill November 17, 1928, and duly recorded December 4, 1928.

The trial court found, upon a conflict in the evidence, that Charles Hill on or about June 11, 1931, voluntarily and of his own free will requested L. H. Daugherty to take possession of the property and cancel the terms and conditions of the contract, and on or about June 11, 1931, Charles Hill voluntarily and of his own free will surrendered and delivered the possession of the property to L. H. Daugherty, relinquishing thereby all of his right, title, claim, interest and demand of, in and to the property either at law or in equity under and by virture of the contract or otherwise; and that Charles Hill by abandoning, surrendering and delivering the possession of the property and refusing and failing to perform the terms, covenants and conditions of the contract, and by requestiong L. H. Daugherty to take possession of the property waived any right that he might have had to notice of default as provided in the contract.

On July 9, 1931, a certain agreement was entered into between respondent L. H. Daugherty and appellant Lester Hill wherein, among other things it is recited that:

"WHEREAS the party of the first part (Daugherty) is owner of certain lands situated on Potlatch Ridge in Nez Perce County, Idaho, and which said lands are more particularly described in that certain escrow agreement between the party of the first part (Daugherty) and one Charles Hill, now deceased, and

WHEREAS the party of the first part (Daugherty) contracted to sell the above described land to Charles Hill

who in his lifetime failed to pay the interest, taxes and part of the principal according to said contract, and said contract has been forfeited * * * *.''

Respondent's Exhibit 'W' discloses an action brought by appellant Lester Hill and wife against respondent L. H. Daugherty and Farmers Union Corporation, being an action upon an alleged contract and for the foreclosure of a certain lien. It being recited in the complaint, verified by appellant Lester Hill as follows: "that at all the times herein mentioned defendant (Daugherty) was and still is the legal owner of the following described real property situate in the county of Nez Perce, * * * * ." Then follows a description of the real property here in controversy.

In other words, on November 15, 1929, Charles Hill acknowledged in writing that the warranty deed of date November 17, 1928, was an absolute conveyance. Appellant Lester Hill in writing upon two different occasions, as above referred to and in the manner above stated, acknowledged that the deed conveying the premises by Charles Hill to respondent L. H. Daugherty was a deed absolute.

Summarizing the facts as they appear from the entire record the following conclusion may be logically reached, namely, that Charles Hill on or about November 17, 1928, in consideration of the large indebtedness then owing by himself to Thomas and to Metropolitan Life Insurance Company, made an absolute conveyance to respondent L. H. Daugherty; that subsequent thereto respondent L. H. Daugherty and Charles Hill entered into an agreement on December 10, 1928, whereby Hill was to purchase the premises for $33,500 and that Hill executed his note for that amount, and respondent L. H. Daugherty executed a deed to Hill to be delivered conditionally upon the payment by Hill of the amount as evidenced by the note together with interest and the performance of all of the other stipulations referred to in the contract; that an escrow holder, Farmers Bank of Kendrick, Idaho, was selected and all of the papers above mentioned were deposited with the escrow holder. Time was of the essence of the agreement. The evidence is conclusive that Charles

Hill defaulted in the payment of the note, interest, taxes and other provisions contained in the agreement, unnecessary to mention.

Numerous issues have been injected, both in the pleadings and upon the trial of this cause not necessary to be determined, should the conclusion be reached that the instrument, the deed executed by Charles Hill to respondent L. H. Daugherty on November 17, 1928, and by the latter duly recorded on December 4, 1928, was what it purported to be, an absolute conveyance of the property above referred to, and not a mortgage.

The burden rested upon the appellant to establish that the deed was not what it purported to be by making strict proof of that fact, as is held in *Morrison v. Pierce,* 47 Idaho 430, 276 Pac. 306:

"A grantor seeking to show that an absolute conveyance is not what it naturally purports to be has the burden of making strict proof of such fact. Having given the transaction the form of a bargain sale, slight and indefinite evidence should not be permitted to change its character. The writing itself stands as the clearly ascertained intention of the parties which must be enforced unless it is shown by convincing evidence that it was under a different mutual intention of the parties that the instrument was delivered and accepted. From an examination of the authorities it appears that, while the same formula of words has not always been used, the rule has been uniformly announced, in such cases, to be that the proof must be clear, satisfactory and convincing. This court has repeatedly held that one who seeks to prove that an instrument which purports on its face to be an absolute conveyance of title is in fact a mortgage must do so by that degree of proof."

In the case of *Clinton v. Utah Construction Company,* 40 Idaho 659, 237 Pac. 427, the court quotes with approval from the case of *Emery v. Lowe,* (Cal.) 73 Pac. 981, as follows:

"A judgment decreeing a deed which is on its face an absolute and unconditional conveyance of property to be a mortgage, should be based on clear and satisfactory proof. Where the trial court has declared a deed, absolute on its face, to be a deed and not a mortgage, the court on appeal will not reverse the judgment unless the evidence is almost overwhelmingly the other way." To the same effect see the following cases. *Hagan v. Clyde,* 60 Idaho 785, 97 P. (2) 400; *Shaner v. Rathdrum State Bank,* 29 Idaho 576, 161 Pac. 90; *Drennan v. Lavendar,* 41 Idaho 263, 238 Pac. 532; *O'Regan v. Henderson,* 46 Idaho 761, 271 Pac. 423; *Parks v. Mulledy,* 49 Idaho 546, 290 Pac. 205.

In *Wright v. Rosebaugh,* 46 Idaho 526, 269 Pac. 98, in the course of that opinion it is stated:

"The trial court is the appropriate tribunal to weigh the evidence and determine whether it is convincing and satisfactory within the meaning of the rule. It has been said that in such cases, as in others, the determination of that [the] court in favor of either party upon conflicting or contradictory evidence [as in the instant case] is not open to review in the appellate court."

The court found, and there is ample competent evidence to sustain the finding, "that the deeds made, executed and delivered by Charles Hill * * * * conveying said property to L. H. Daugherty were absolute and unconditional deeds of conveyance vesting fee simple title in the said L. H. Daugherty and were not made as security for any indebtedness, nor did they have any other effect than was expressed on the face of the deeds."

From the above finding, as a matter of law, the court concluded, "That the deed executed and delivered by Charles Hill to L. H. Daugherty dated November 17, 1928 * * * * was an absolute and unconditional deed of conveyance vesting fee simple title in the said L. H. Daugherty and was not made as security for any indebtedness, * * * *."

There is nothing in the record that would justify a

reversal of the judgment. The same is hereby affirmed. Costs to respondents.

GIVENS, J., and REED, D.J., concur.
HOLDEN and AILSHIE, J.J., dissent.
MORGAN, J., deeming himself disqualified, REED, D.J., sat in his place.