586 P.2d 265

In the Matter of the ESTATE of Opal Baille COURTRIGHT, Deceased,

Gene COURTRIGHT, Personal Representative of the Estate, Respondent-Appellant,

v.

Doris ROBERTSON and Donna Charleen Sielaff, Petitioners-Respondents.

No. 12265.

Supreme Court of Idaho.

Oct. 31, 1978.

Charles W. Fawcett and Douglas E. McClelland of Skinner, McClelland & Donnelly, Boise, for respondent-appellant.

Cecil R. Greathouse, Robert C. Galloway, Boise, for petitioners-respondents.

McFADDEN, Justice.

This is an appeal taken by Gene Courtright, the surviving spouse and personal representative of the estate of Opal Baille Courtright, deceased. The appeal is from the order of the district court deleting real property and a joint bank account from the inventory and appraisement of the estate upon a finding that the real property had been validly conveyed by decedent during her lifetime, and that the savings account was held in joint tenancy and upon decedent's death the account balance (subject to a determination of any community property interest) went to the decedent's joint tenant, her daughter. The respondents, Doris Robertson and Donna Charleen Sielaff, are respectively the daughter and granddaughter of decedent. We affirm the order of the trial court.

Decedent died intestate on April 24, 1973, and after being appointed personal representative, appellant entered upon administration of her estate. He claimed as a part of the property of the estate the home occupied by him and his wife since their marriage in 1954 as well as the balance of a passbook savings account of decedent and her daughter, respondent Doris Robertson, held by them in joint tenancy with right of survivorship. These items of real and personal property were included in the inventory and appraisement filed in conjunction with the administration of the estate.

Respondents, decedent's daughter and granddaughter, petitioned the district court for an order to show cause why the home and savings account and specific articles of personal property should not be excluded from the estate. Respondent Sielaff claimed that the home had been decedent's separate property and had been validly transferred to her by deed. Respondent Robertson claimed that the joint savings account contained decedent's separate property as well as her (respondent Robertson's) funds, and that respondent, as the sole surviving depositor, was entitled to the balance of the account.

Appellant responded to the petition for an order to show cause, and the district court, after a pre-trial hearing, entered its pre-trial order. The district court heard the case sitting without a jury, and entered its memorandum opinion, findings of fact, conclusions of law and order. The trial court found and held that the home property had been validly conveyed by quitclaim deed to respondent Sielaff prior to decedent's death, but also found that community funds

had been expended upon improvement of the property. The court therefore, by order, imposed a lien on this real property in favor of the estate for the amount stipulated as the value of the improvements made from community funds. The court also held that respondent Robertson was entitled to a joint savings account as the sole surviving depositor, but also found that the account contained some community funds, one-half of which the court declared belongs to appellant.

Appellant presents four assignments of error, which in effect challenge (1) the correctness of the trial court's finding of intent by decedent to create a joint survivorship savings account; (2) the court's conclusion that decedent validly gave her real property to her granddaughter; (3) its conclusion that the quitclaim deed to the real property was validly delivered; and (4) the trial court's alleged failure to apply the rule requiring that only by proof by clear and convincing evidence can a gift of the real estate or the creation of the joint bank account be established and sustained.

■ Dealing with the last assignment of error first, we find no error by the trial court. It appears from this assignment of error that appellant is contending that the trial court failed to apply the correct standard of proof to a case of this nature. He argues that even if the court applied the correct standard, the trial court erred in not explicitly stating the standard it employed. Examination of the record discloses only that the respondents were required to establish their claims to their respective gifts by "clear and convincing evidence." Nor is there any disagreement as to the correctness of that standard of proof.

■ Furthermore, we find no error on the part of the trial court in not specifically enunciating the standard of proof it employed in resolving the factual issues presented by the parties and in making its findings of fact. In this case the respondents presented their witnesses who testified to the preparation and execution of the deed by the decedent, the delivery of the deed to respondent Robertson in the presence of an attorney, and the mailing of the deed by respondent Robertson to the granddaughter, respondent Sielaff. Regarding the establishment of the joint savings account, respondent Robertson testified as to the source of the funds, the discussions she had had with her mother, and the fact that she, Mrs. Robertson, had contributed at various times to the account. She also testified as to what both she and her mother's understanding was at the time of the execution of the signature card. She testified that both she and her mother understood that upon the death of the other, the survivor would receive the balance of the account. Nowhere in the record was the testimony on these points objected to, impeached or contradicted by appellant.

This court has held that "A trial court in making its findings of fact must find on all material issues before it, but by the same token there is no duty to make findings on issues that are immaterial to the decision." *Yreka United, Inc. v. Harrison*, 95 Idaho 430, 433, 510 P.2d 775, 778 (1973). *Accord, Eschweiler v. Downey*, 97 Idaho 299, 543 P.2d 852 (1975); *Perry Plumbing Co. v. Schuler*, 96 Idaho 494, 531 P.2d 584 (1975). While the standard of evidence was relevant to the issues before the court, the record reflects that the standard *itself was not an issue.* The trial court did not err in not stating that it was applying the "clear and convincing evidence" standard because no issue was presented concerning that standard.

Appellant next argues that the trial court erred in finding clear and convincing evidence of decedent's intent to vest respondent Robertson with rights of survivorship in the account.

The record shows the following uncontroverted facts. The savings account was first opened in 1959 in decedent's name. The initial deposits were the proceeds of United States savings bonds jointly owned by decedent and respondent Robertson. The account was changed to a survivorship account on June 7, 1971. At the time of decedent's death in 1973, the account contained $17,139.22 of respondent Robertson's

own funds, largely proceeds from the sale of realty deeded to respondent Robertson by decedent. The record also shows that both decedent and respondent Robertson had other bank accounts that they used in managing their individual daily affairs.

Respondent Robertson testified that she and her mother went to the bank together and changed the account to a survivorship account by executing a new signature card. She further testified without objection that both of them understood that if one depositor died, the other would become the owner of the account balance. A thirty-year friend of decedent also testified without objection that decedent had told her of setting up an account that would go to respondent Robertson on decedent's death.

The trial court found "[a]t the time the account was converted to a joint account, on June 3, 1971, the decedent intended to vest survivorship rights in Doris Robertson." That the trial court was aware of the burden of establishing the proof of such intent is found in its statement in a pre-trial conference order ". . . the burden of proof is upon the petitioner [respondent Doris Robertson] to show an intention to give the property to the survivor by clear and convincing evidence."

Appellant's assignment of error challenging the trial court's finding of clear and convincing evidence of decedent's intent to vest respondent with survivorship rights in the joint account presents an additional issue. That issue is, by what standard does this court evaluate the record before the trial court. In a number of previous cases this court has dealt with this problem. In *Morrow v. Matthew*, 10 Idaho 423, 79 P. 196 (1904), this court, which had before it an issue concerning an oral contract regarding an interest in real property, determined that such contract had to be established by *clear* and *satisfactory* evidence. The court further stated:

> When the fact is established that the contract was entered into, and the terms and conditions thereof are shown, it will be enforced, whether in writing or parol. It is also true that the courts have quite

generally held that, in order to enforce the specific performance of a parol contract, it must be *clearly* and *satisfactorily* shown to the trial court as to its execution and the terms and conditions thereof. If the contract has not been reduced to writing, it must of necessity require a greater weight of evidence to establish its existence, and the terms and conditions thereof, and in those respects satisfy the mind of the court, than if the contract were in writing and produced in evidence. Where, however, the record discloses such facts that a fair and reasonable person might conclude therefrom as to the execution, terms, and conditions of the contract, I do not see how an appellate court is justified in saying that it did not appear *clearly* and *satisfactorily* to the trial court. Evidence entirely clear and convincing to the trial court, who saw and heard the witnesses, might, when in cold type upon the record, leave doubts in the minds of the members of the appellate court; but I do not think they should reverse the judgment on such grounds. The rule is one by which the trial court primarily weighs the evidence, and, unless substantially departed from by him in arriving at his decision, should not become one of original application on appeal.

*Id.* at 435–436, 79 P. at 201.

Since 1958 this court has operated under the Idaho Rules of Civil Procedure. I.R.C.P. 52(a) provides: "Findings of fact shall not be set aside unless clearly erroneous." It is the conclusion of the court that the approach taken by this court in *Morrow v. Matthew, supra*, is the correct one, even under I.R.C.P. 52(a). Review by this court of findings of fact by a trial court in a case where a fact must be established by *clear* and *convincing* evidence is simply to determine whether there is substantial and competent evidence to sustain that finding. Where there is evidence in the record from which the trial court might conclude the issue has been resolved by clear and convincing evidence, this court will not set its resolution aside. *Lomas & Nettleton Co. v.*

*Tiger Enterprises, Inc.,* 99 Idaho 539, 585 P.2d 949 (1978); *Nelson v. Armstrong,* 99 Idaho 422, 582 P.2d 1100 (1978); *Smith v. Bogert,* 96 Idaho 522, 531 P.2d 1167 (1975); *Greene v. Cooke,* 96 Idaho 48, 524 P.2d 176 (1973); *Idaho First Nat'l Bank v. First Nat'l Bank of Caldwell,* 81 Idaho 285, 340 P.2d 1094 (1959); *Estes v. Magee,* 62 Idaho 82, 109 P.2d 631 (1940); *Parks v. Mulledy,* 49 Idaho 546, 290 P. 205 (1930); *Wright v. Rosebaugh,* 46 Idaho 526, 269 P. 98 (1928); *Panhandle Lumber Co. v. Rancour,* 24 Idaho 603, 135 P. 558 (1913). *See, Ed Sparks & Sons v. Joe Campbell Const. Co.,* 99 Idaho 139, 578 P.2d 681 (1978). Thus, where a trial court finds certain facts to have been established by clear and convincing evidence the trial court's determination "[will] not be set aside unless clearly erroneous." I.R.C.P. 52(a).[1]

■ The trial court's finding of decedent's intent to create a joint savings account with right of survivorship is supported by substantial and competent evidence and thus is not clearly erroneous. The circumstances of the account's creation and use by respondent Robertson and decedent during the years are consistent with such an intent. When the trial court weighed such circumstances with the testimony of respondent Robertson and decedent's longtime friend, it could reasonably conclude that decedent's intent had been proved to a high degree of certainty, and certainly by clear and convincing evidence. The trial court's determination on this issue therefore is affirmed.

Appellant next argues that the trial court erred in finding by clear and convincing evidence that the deed to decedent's home was adequately delivered with an intent to create a present interest in the grantee granddaughter.

On this issue respondents' testimony is mostly uncontradicted. Respondent Robertson testified that she originally purchased the land, a portion in 1944 and the remainder in 1945, with her own funds. Respondent testified that she had both her own and decedent's names placed on the original deeds, and in 1948, by quitclaim deed, gave her interest to her mother so that the latter would always have a home. Respondent further testified that she had paid for having two houses built on the premises, which, after appellant's marriage to decedent in 1954, were combined into one house, largely through appellant's labors and expenditure of funds of the community of himself and decedent. On June 11, 1971, respondent Robertson and her mother went to an attorney's office where the decedent executed a quitclaim deed in favor of her granddaughter. The deed was notarized by the attorney, given to respondent Robertson and mailed by the latter to respondent Sielaff. Without objection, respondent Robertson testified that her mother did not intend to retain any interest in the property.

Respondent Sielaff testified to receiving the deed in the mail. She told the court that her grandmother had stated to her that she was to have the property. She stated that she took no action to record the deed until after decedent's death; that she told no one about receiving the deed; and that she was unaware of the significance of recording it.

Subsequent testimony showed that the deed was not recorded until after decedent's death and that, prior to that time, real property taxes and expenses of maintaining the premises had been paid with appellant's and decedent's community funds.

■ This court has consistently held that in order for a deed to be adequately delivered it must be voluntarily "surrendered" by the grantor, *Bowers v. Cottrell,* 15 Idaho 221, 96 P. 936 (1908), with an intent to pass immediate and present title. *Hartley v. Stibor,* 96 Idaho 157, 525 P.2d 352 (1974); *Williams v. Williams,* 82 Idaho 451, 354 P.2d 747 (1960); *Brett v. Dooley,* 80 Idaho 237,

1. Federal cases interpreting the term "clearly erroneous" as used in the Federal Rule 52(a) are divided. *See, Jones v. Pitt County Board of Education,* 528 F.2d 414 (4th Cir. 1975); *Esso* *Standard Oil Co. v. Sun Oil Co.,* 97 U.S.App. D.C. 154, 229 F.2d 37 (1956); *contra, Soccodato v. Dulles,* 96 U.S.App.D.C. 337, 226 F.2d 243 (1955).

327 P.2d 355 (1958); *Claunch v. Whyte,* 73 Idaho 243, 249 P.2d 915 (1952); *Crenshaw v. Crenshaw,* 68 Idaho 470, 199 P.2d 264 (1948). This intent is indispensable to valid delivery. *Id.* As this court stated in *Flynn v. Flynn,* 17 Idaho 147, 160, 104 P. 1030, 1034 (1909), "[T]he real test of the delivery of a deed is this: Did the grantor by his acts or words, or both, intend to divest himself of title? If so, the deed is delivered."

 "Possession of a deed by a grantee, in the absence of evidence to the contrary, raises a presumption of delivery," which encompasses the requisite intent of the grantor to pass title. *Hartley v. Stibor,* 96 Idaho at 160, 525 P.2d at 355; *Holland v. Beames,* 71 Idaho 343, 231 P.2d 741 (1951); *Brummund v. Romig,* 59 Idaho 312, 81 P.2d 1085 (1938); *Coffin v. Hyde,* 35 Idaho 247, 205 P. 736 (1922) (gift causa mortis). The continued possession of the premises by the grantor is one circumstance to be considered in determining whether the grantor intended to divest herself of title. *Hartley v. Stibor, supra.*

In light of the realty's history of ownership, the mailing of the deed to respondent Sielaff and the testimony of respondents Sielaff and Robertson, this court concludes that there is sufficiently clear and convincing evidence to support the trial court's finding of delivery of the deed to respondent Seilaff with the requisite intent.[2] Thus the trial court's findings and its conclusions of law and judgment based thereon are affirmed. Costs to respondent.

SHEPARD, C. J., and DONALDSON, BAKES and BISTLINE, JJ., concur.

---

2. In *Russ Ballard & F. A. I. v. Lava Hot Springs Resort, Inc.,* 97 Idaho 572, 579, 548 P.2d 72, 79 (1976), this court stated:

"The law presumes that the holder of title to property is the owner thereof; *Hawe v. Hawe,* 89 Idaho 367, 406 P.2d 106 (1965); *Shurrum v. Watts,* 80 Idaho 44, 324 P.2d 380 (1958). The effect of this presumption is that:

"[O]ne who would claim the ownership of property of which the legal title stands of record in another, or that the same is held by such person in trust for the one so claiming, must establish such claim by evidence that is clear, satisfactory and convincing." *In re Capolino's Estate,* 94 Cal.App.2d 574, 210 P.2d 850 (1949), at 852, quoting *Redsted v. Weiss,* 73 Cal.App.2d 889, 167 P.2d 735 (1946).

In the instant case the trial court placed a higher burden of proof on respondent than was required in *Russ Ballard v. Lava Hot Springs.* Nonetheless, the respondent met this higher standard of proof.